THE WROUGHT IRON BRIDGE COMPANY v. THE CITY OF ARKANSAS CITY.

No. 10324.

1. RAILROAD AID WARRANTS—*councilman not disqualified to vote for issuing, nor mayor from signing, because one a contractor and the other president of company.* When the electors of a city of the second class have duly voted aid to the construction of a railroad, and the road has been constructed in compliance with the terms of the proposition voted for, a member of the city council who was a contractor from the railroad company for the construction of the road is not disqualified from voting at a meeting of the city council to authorize the issuance of the securities to the company; nor is the mayor disqualified from attesting the record of the council proceedings directing the issuance of the securities, nor from joining with the clerk in their execution, upon the ground that he is also the president of the company to which the aid was voted.

2. ———— *ordinance not required to authorize; adoption of motion sufficient.* An order of a city council of a city of the second class upon the mayor and the clerk of the city, directing them to issue securities voted in the aid of the construction of a railroad, made in the form of a motion by one of the councilmen, adopted by a majority of the council, entered upon the journal of the council proceedings, signed by those voting for it, and attested by the mayor and the clerk, is sufficient in matter of form to authorize the issuance of the securities.

Error from Cowley District Court.   A. M. Jackson, Judge.   Opinion filed April 9, 1898.   *Reversed.*

*Z. T. Armstrong*, for plaintiff in error,

*L. C. Brown*, City Attorney, for defendant in error.

DOSTER, C. J.   This was a suit brought by plaintiff in error against defendant in error, a city of the second class, to recover upon city warrants issued in aid of the construction of a railroad, pursuant to chapter 107, Laws of 1876, as first amended by chapters 142 and 144, Laws of 1877, and subsequently by chapter 183, Laws 1887 (Gen. Stat. 1897), and particularly in pursuance of section 11 of the first mentioned chapter.   The case was submitted to the court upon an agreed statement of facts, on which judgment was rendered in favor of the defendant city.   From this judgment the plaintiff prosecutes error to this court.   The warrants were issued pursuant to a vote of the city council, November 1, 1887, and at that time one J. L. Huey was mayor of the City and one James' Hill was a member of the city council.   Huey was also president of the railroad company to which aid was voted, and Hill was a contractor under whom the road had been built by contract with the railroad company.   Hill voted for the issuance of the warrants, and his vote was necessary to make up the requisite majority.   Huey as mayor approved the proceedings of the council ordering the issuance of the warrants, and also as such officer signed the warrants when issued.

It is urged that the fiduciary relation in which these men stood to the City precluded them from taking part in the proceedings by which the issuance

1. Councilman not disqualified from signing railroad-aid warrants, when.

of the warrants was authorized and attested.   We are of a contrary opinion. The contract, it must be observed, which Hill had taken to construct the railroad, was not a contract with the City or in which the City was interested.   It was a contract with the railroad company, and with it alone.   It will also be observed that no

question was raised as to whether at the time the issuance of the warrants was made the railroad company had constructed its road in pursuance of the terms upon which the aid had been granted.   No statute upon which the contention of defendant in error can be based has been cited to us, and we know of no rule of law by which these persons as officers of the city government were precluded by reason of their business relations with the railroad company from executing the ministerial duty cast upon them by the statute in pursuance of the vote of the electors of the City.   Chapter 144, Laws 1877, declares that if a proposition to aid railroads shall receive the vote of a majority of the electors, the mayor and council for, and on behalf of, the city shall order the city clerk to subscribe for the stock, and shall also order the securities of the city to be issued in payment therefor.   Formerly county and city authorities had a discretion in such matters, notwithstanding the authority conferred upon them by the vote of the electors, as decided in *Land Grant Railway Co. v. Comm'rs of Davis Co.*, 6 Kan. 256 ; but, under the statutes hereinbefore cited, the duty has been made a merely ministerial one to carry out the directions of the electors, and it was so held in *C. K. & W. Rly. Co. v. Comm'rs of Stafford Co.*, 36 Kan. 127, 12 Pac. 593.   In taking the action which these officers did, they were simply doing what their constituency had directed should be done, and nothing more.   The one committed no fraud upon the City and violated no rule of law in voting that the mayor and clerk be ordered to issue the warrants, for a superior authority — the electors — had directed by their ballots that this very thing should be done.   For the same reason, the other neither committed a fraud nor violated a rule of law in attesting the order of the council and signing the warrants.   The electors had

likewise directed that these very things should be done.

It is also urged that the vote by which the issuance of the warrants was directed was not evidenced in proper form. It is argued that the authority to issue 2. Ordinance not municipal securities voted in aid of the required. construction of railroads can be exercised only by ordinance; that the vote taken in this case was upon a mere motion by a member of the council, and this will not suffice. Some decisions of the inferior Federal courts have been cited as sustaining this claim. These decisions were made in cases where outstanding city bonds or other city indebtedness had been merged in the form of what are called refunding bonds. In such instances, the action of the city council is not ministerial in its nature. It is one in which judgment and discretion are to be exercised. There is no law compelling city councils to fund outstanding city indebtednes, and it may be that in such cases the statute (section 69, chapter 37, General Statutes 1897), and other statutory provisions *in pari materia* require the exercise by ordinance·alone of the authority conferred. In the case of *City of Alma v. Guaranty Savings Bank* ( 60 Fed. 203 ), it was held that a city council might by resolution submit to a vote of the electors the question of borrowing money and issuing bonds, and that a formal ordinance in submission of the question was not necessary. In passing upon this point, the court declares as a general rule :

" If the action taken by a municipality amounts to prescribing a permanent rule of conduct, which is to be thereafter observed by the inhabitants of the municipality, or by its officers in the transaction of the corporate business, then, no doubt, the rule may be more properly expressed in the form of an ordinance; but it is eminently proper to act by resolution, if the action

taken·'s merely declaratory of the will of the corporation ᴗ a given matter, and is in the nature of a ministerial act."

This language commends itself to us as applicable to the facts of the present case. .The action of the council is evidenced by the following quotation from its proceedings :

"O. Ingersoll moved warrants to the amount of thirty thousand dollars to be issued to the Grouse Creek Railway Co.    Carried.

" It is therefore ordered that the warrants of the city of Arkansas City in said Cowley County be issued to said Railway Company in the sum of thirty thousand dollars."

This is dated at Arkansas City, Kan., November 1, 1887, signed by the mayor and five members of the council, constituting a majority of the whole number, and attested by the city clerk.    There is no substantial difference between the motion above stated, and the action of the council in adopting the same and ordering the issuance of the warrants pursuant thereto, and the technically variant form of a resolution.

The two above-noted objections to the validity of the warrants sued upon are the only ones brought to our attention.    Neither of them is availing, and the decision of the District Court will therefore be reversed, with directions to enter judgment upon the agreed statement of facts in favor of the plaintiff in error.