## W. L. LOWRANCE ET AL. V. C. T. SCHWAB, ASSESSOR.

Decided April 9, 1907.

### 1.—School Community—Act Construed.

The Act of 1905, page 263, of the General Laws of said year, providing for a complete system of free schools in Texas, did not repeal the former laws under which the community system had been conducted.

### 2.—Act Construed—School Tax—Election.

Under the Act of 1905 the petition for an election to determine whether or not a school tax should be levied, the order for such election and the votes should specify the exact amount of the tax it is proposed to levy. The discretion in said matter belongs to the voter and not to the Commissioners Court, and an election in which the only specification of the amount of the tax to be levied is that it shall not exceed 20 cents on the one hundred dollars valuation, is void.

### 3.—School Tax—Injunction—Jurisdiction.

The District Court, and not the County Court has jurisdiction of a suit to enjoin the levy and collection of a school tax.

Appeal from the District Court of De Witt County. Tried below before Hon. Jas. C. Wilson.

*Lackey & Lewright,* for appellants.

*Thos. Smoot,* for appellee.—The law relating to counties operating their schools under the community system was not repealed by chapter 124 Acts of 29th Legislature, pp. 263-311, nor was section 211 of the School Laws of Texas, article 3993c, Sayles Statutes (1897), being a part of the law applicable to schools in counties under community system, repealed, and under said law the Commissioners Court was authorized to establish such school districts, and Morris School District No. 4 was by them established in full compliance with said law. Chapter 124, section 50, latter part of section, Acts of the 29th Legislature, page 276; article 3993c, Sayles Statutes (1897); also section 211, School Laws of the State of Texas, compiled by R. R. Cousins.

Petition for an election for the levy of a special tax not to exceed 20 cents on the $100 worth of taxable property for the purpose of supplementing the Public School Fund, and the order of an election by the Commissioners Court thereon for the purpose of determining

whether a tax not exceeding 20 cents on the $100 worth of property for any one year, was a petition for 20 cents on the $100 worth of property, and the election was an election for 20 cents on the $100 worth of property and was so understood by the voters of said School District and was sufficiently specific. The City of Austin v. Austin Gas and Light Company, 69 Texas, 180; Reynolds Land and Cattle Company v. McCabe, 12 S. W. Rep., 165.

The District Court did not have jurisdiction in this suit, the amount being less than five hundred dollars. Moody v. Cox 54 Texas, 492; Girardine v. Dean, 49 Texas, 248.    Const. sec. 16 art. 5.

GILL, CHIEF JUSTICE.—By this suit W. L. Lowrance and his co-appellants sought by injunction to restrain the assessor of De Witt County from assessing against their property certain school taxes which the Commissioners Court of that county had undertaken to levy. There was judgment below in favor of the assessor and the cause is here for revision upon the appeal of plaintiffs.

The agreed facts are as follows: In December, 1905, the citizens of De Witt County by vote elected to continue under the community school system. The Commissioners Court upon application duly made created the new school community No. 4. Thereupon the tax paying voters of the new precinct petitioned the commissioners to order an election for the levy of a school tax. The language in the petition expressing the purpose for which the election was desired was as follows: "For the purpose of determining whether or not a tax not to exceed in any year 20 cents on the one hundred dollars valuation of the property subject to taxation in such district, shall be levied for the further maintenance of the public free schools in said district." Pursuant to this petition the election was regularly ordered and duly held, the language above quoted from the petition being carried into the order, and there was a two-thirds vote cast in favor "of a tax not to exceed 20 cents on the one hundred dollar valuation, etc.," for the purpose named.

The result having been duly declared the Commissioners Court on May 14, 1906, entered an order levying on the taxable property in the newly created district a tax of 20 cents on the one hundred dollars valuation. All the appellants own taxable property in the new district and all except two own lands therein. The appellee was at the institution of this suit tax assessor of De Witt County, and in accordance with the levy made by the commissioners was about to assess the property for the tax so levied. The appellants allege that they are unable to foresee what the amount of the taxes against each of them will be and hence cannot allege any amount. They also aver that the threatened assessment will create a cloud upon their title.

The first point made against the judgment is that the action of the commissioners in creating the new district was void because at that time there was no law authorizing such action. This contention is predicated upon the proposition that the Act of 1905, General Laws of that year, page 263, providing for a complete system of free schools in Texas, repealed the former laws under which the community system had been conducted. The repealing clause while very broad is

not absolute, and section 50 of the Act provides, among other things, that any county which, by an election held 30 days prior to September 1, 1906, shall express a determination to continue under the community system may do so, and for the purpose of regulating such communities the former laws were expressly kept in force. The county having properly expressed its purpose to continue to operate its public schools under the community system is brought within the proviso of sec. 50, *supra,* so the first objection must be overruled.

The second objection is fatal to the levy as well as the election upon which it is based. It involves the proposition that under the law applicable to such elections the vote must be for a specific tax, and vests in the commissioners no discretion either as to whether the levy shall be made or its amount.

The petition was presented and the election ordered and held under sec. 57, et seq. of the Act of 1905, before cited, which was designed to control the levy of all taxes for school purposes. No tax exceeding 20 cents on the one hundred dollar valuation may be levied. Section 58 of the Act provides, among other things, that both the application and the order shall specify the amount of tax proposed to be voted on. The form of the ticket is provided and the voter expresses his choice by voting either "for school tax" or "against school tax." By section 63 of the Act it is provided that after two years the voters by pursuing a prescribed course may either abrogate or diminish the tax. In such election they express their purpose by ballots reading either for "abrogating school tax" or "for diminishing school tax to — cents," or against either or both the propositions. If the election be to increase the tax the form of the ticket is also provided, and all these provisions taken together clearly mean that the petition fixes the amount for which the election is to be ordered, and the order enables the voter to vote for the specific sum proposed to be levied, thus leaving nothing to the discretion of the commissioners but rendering their duties purely ministerial. The present law upon the point is practically identical with the former law embodied in articles 3883a to 3945 of the Revised Statutes, so that whether the former or the present statute controls on this point their provisions so clearly place the entire matter in the discretion of the voter that under an election properly held the commissioners, upon refusal to levy the tax voted, might be compelled by mandamus to do so, a remedy which would not lie if the matter rested in their discretion.

From the terms of the statutes, the substance of which we have set out, the vice in the proceedings assailed becomes apparent. Under the election held the commissioners might have levied any sum up to 20 cents on the one hundred dollar valuation, and there is no authority in the law for the delegation of the discretion of the voter to the Commissioners Court.

Appellees contend that the election in effect ordered the levy of the 20 cents. The proposition is in no sense accurate. Such a contention would have equal force had the commissioners levied one cent or an infinitesimal sum. The vice is in the failure of the order for the election to specify the amount of the tax.

Appellees assail the jurisdiction of the District Court on the ground

that the suit should have been brought in the County Court, the amount being less than $500. The suit is for injunction. The amount of the tax to be levied against each plaintiff is not stated and is not in controversy. The prayer is to restrain the officer from the performance of an act. Under this state of facts the prayer for injunction gives the court jurisdiction. DeWitt County v. Wischkemper, 95 Texas, 435; Anderson v. Ashe, 14 Texas Ct. Rep., 637. It may also be true that the District Court would have jurisdiction because of the allegation that the levy of the tax and its threatened assessment against real estate created a cloud upon the title which plaintiffs prayed to have removed. We sustain the jurisdiction, however, upon the first ground.

For the reasons given the judgment is reversed and judgment here rendered for plaintiffs perpetually enjoining the defendant as prayed for.

*Reversed and rendered.*