WILBERN, County Judge, et al. v. CONE et al.

(Court of Civil Appeals of Texas. Austin. April 17, 1912. Rehearing Denied May 22, 1912.)

1. SCHOOLS AND SCHOOL DISTRICTS (§ 103*)—LEVYING SPECIAL SCHOOL TAX—ELECTIONS—VALIDITY.

The decision of the county judge, ordering an election in a school district to determine whether a special school tax shall be levied, as authorized by Acts 29th Leg. c. 124, §§ 57, 58, as amended by Acts 31st Leg. c. 12, § 1, that a majority of the legal voters of the district had signed the petition therefor is conclusive; and the validity of the election cannot be contested on the ground that he erred in his decision.

[Ed. Note.—For other cases, see Schools and School Districts, Cent. Dig. §§ 240–245; Dec. Dig. § 103.*]

2. SCHOOLS AND SCHOOL DISTRICTS (§ 101*)—SPECIAL TAX—LEVY—STATUTES.

Under Acts 29th Leg. c. 124, §§ 57, 58, 66, as amended by Acts 31st Leg. c. 12, § 1, au-

thorizing a special tax, not exceeding 50 cents on the $100 valuation of the property in a school district, and authorizing the commissioners to levy a tax within the limit as determined by the trustees of the district and the county superintendent, a district may, at an election, vote for a special tax, not exceeding 25 cents on the $100 valuation of the property; and the commissioners' court may levy the tax within the limit of 25 cents on the $100 valuation, as fixed by the trustees and the county superintendent having discretion as to the amount of the tax.

[Ed. Note.—For other cases, see Schools and School Districts, Cent. Dig. § 236; Dec. Dig. § 101.*]

Appeal from District Court, Llano County; Clarence Martin, Judge.

Action by J. C. Cone and others against A. H. Wilbern, County Judge, and others. From a judgment for plaintiffs, defendants appeal. Reversed and rendered.

John C. Oatman, of Llano, for appellants. Flack & Dalrymple, of Llano, and Joe P. Flack, of San Saba, for appellees.

JENKINS, J. Appellees brought this suit against the county judge and the members of the commissioners' court and the sheriff and ex officio tax collector of Llano county, alleging, in substance, that they were property owners in the Oatman school district No. 13, Llano county; that in July, 1910, a petition was presented to said county judge, asking for an election in said school district to determine whether or not a special school tax, not exceeding 25 cents on the $100 valuation of property in said district, should be levied to supplement the state school fund; that an election was ordered on said petition, and a majority of the qualified voters in said district voted for said tax. Appellants sought to restrain the levy and collection of said tax, upon the ground that said petition was not signed by a majority of the qualified voters of said district; and that in consequence thereof said election was void. The court rendered judgment in favor of appellees, granting a permanent injunction against appellants.

[1] 1. The petition was signed by 15 qualified voters, and the contention upon the part of appellees is that there were 31 qualified voters in said district; while the appellants contend that there were but 29 of such voters. We do not deem it necessary to pass upon the assignments as to the alleged disqualification of three of the alleged voters in said district, for the reason that we think the action of the county judge in finding, as he did, that a majority of the qualified voters of said district signed said petition is final, and was not subject to review by the district court. There is, perhaps, nothing which more urgently calls for the exercise of all the power given courts than the maintenance of the purity of the ballot box. A free ballot and a fair count lies at the very basis of our government, by which is meant

that every man should be at liberty to cast his vote in accordance with his best judgment; and that it should be counted as cast, and the correct result declared. But when the complaint, as in this case, does not call in question the fairness of the election, or the correctness of the declaration as to its result, we do not think that mere technical irregularities as to the manner of ordering such election should appeal very strongly to the court. As was said by Chief Justice Gaines, in Scarborough v. Eubank, 93 Tex. 107, 53 S. W. 574: "The object of a popular election is that the will of the greater number of the voters may prevail. * * * Hence the important matter in every election is that the will of the voters should be fairly expressed, correctly declared, and legally enforced. Compared with this, the question as to the manner and time of ordering the election is of trivial moment." The authorities collated in McCrary on Elections show that this is the basic idea prevailing in all contested election cases.

Appellees concede, upon the authority of State v. Larkin, 41 Tex. Civ. App. 253, 90 S. W. 912, that if the statute had said that the county judge should hear proof as to the sufficiency of the petition that his determination of that question would not be subject to review; but they contend that, inasmuch as the statute does not expressly say that he shall determine said question upon proof, his action in such matter is not final. In the case of Scarborough v. Eubank, supra, the statute applicable to that case, as in this, did not expressly provide that the county judge should hear proof as to the qualification of the signers of the petition. Judge Gaines, after referring to State v. Goodwin, 69 Tex. 55, 5 S. W. 678, said: "In that case the county judge had ordered an election to determine whether or not the city of Wills Point should be incorporated under the general law. He was empowered to order the election upon presentation of a petition therefor, signed by 50 electors, and satisfactory proof that the city had the requisite population for a municipal corporation of the class designated. It was sought to set aside the election, on the ground that the county judge erroneously found that the city contained the necessary number of inhabitants. It was held that the action of the county judge was not subject to review. It seems to us that the ruling would necessarily have been the same, had the attack been made upon the ground that, of the 50 names signed to the petition, there was less than 50 who were legal voters. The only apparent difference is that in the one case the statute expressly requires that the judge shall be satisfied by proof as to the required population, while in the other nothing is said as to his hearing proof as to the competency of the petitioners. But it is obvious

that what is expressly demanded in the one instance is impliedly required in the other. In the latter case, before the judge is authorized to act upon the petition of 50 electors, he must determine that 50 qualified voters living in the designated territory have signed the petition, so that, if his determination of the question be conclusive as to the one matter, why not as to the other?" So in this case, before the county judge was authorized to order the election, he must have been satisfied that a majority of the legal voters had signed such petition; and his right to hear proof as to this matter is impliedly given. Upon the authority of this case and the authorities therein cited, we hold that the action of the county judge in determining, as he did, that a majority of the qualified voters in said district petitioned for said election is conclusive.

[2] 2. Appellants contend that the election petitioned for and held was void, for the reason that neither said petition nor the order for said election stated any specific amount of tax to be levied. Said petition prayed for an election to determine whether or not a tax, not exceeding 25 cents on the $100 valuation of property in said district, should be levied to supplement the state school fund in said district. In the case of Lowrence v. Schwab, 46 Tex. Civ. App. 67, 101 S. W. 840, which was followed in Parks v. West, 108 S. W. 466, it was held that an election in which was voted a special tax, not to exceed 20 cents on the $100, was void, for the reason that no specific amount was voted on. These cases were decided under the statute of 1905, which statute provided that the commissioners' court might levy a special tax for the further maintenance of public free schools, provided two-thirds of the qualified property tax paying voters of the district voting at an election to be held for the purpose should vote such tax, not to exceed in any year 20 cents on the $100 valuation of the property subject to taxation in such district; and that the order for such election should state "the amount of tax to be voted on." Acts of 1905, §§ 57, 58, p. 278. The election in the instant case was held under the act of 1909, which amended the act of 1905, and authorized the commissioners' court to levy a special tax, "provided a majority of the qualified property taxpaying voters of the district voting at an election to be held for the purpose shall vote such tax, not to exceed in any year 50 cents on the $100 valuation of the property subject to taxation in such district." It further provides that "said application shall designate either the specific rate of tax to be levied, or a rate of tax not exceeding 50 cents on the $100 valuation of property," and that the order for the election shall state "the rate of tax to be voted on, provided that no election shall be held to determine the levy of a

tax exceeding 50 cents on the $100 valuation of property, but the proposition may be for a specific tax rate, within this limit, or for a school tax, not exceeding 50 cents on the $100." Acts 1909, §§ 57, 58, p. 18.

It is clear that under this statute it is not necessary, as it was held to be under the former statute, that the election must be for a specific rate. Does it make any difference that the election was for a tax not exceeding 25 cents, instead of not exceeding 50 cents? We think not. Under this statute, the voters may fix a specific rate, if they so desire; and the commissioners' court in such case would be bound by such action. But they may fix an indefinite rate, provided it does not exceed 50 cents on the $100. In the case of Lowrence v. Schwab, supra, the court said that it was not the intention of the statute to leave it to the discretion of the commissioners' court as to what tax should be levied within the maximum limit. Said statute did not provide that such discretion should be exercised by any one; but the statute of 1909 does provide for such discretion in the following language: "If the proposition shall have been for a school tax not exceeding 50 cents on the $100 valuation of taxable property in the district, the commissioners' court shall levy such a rate, within that limit,·as shall have been determined by the board of trustees of said district and the county superintendent, and certified to said court by the county superintendent." Section 66. This confers the discretion as to the amount of tax for any one year upon the board of school trustees and the county superintendent; and we cannot see that it makes any difference that the voters, in intrusting them with such discretion, have made the maximum limit 25 cents on the $100, instead of 50 cents on the $100.

For the reasons herein stated, the judgment of the trial court is reversed, and judgment here rendered for the appellants.

Reversed and rendered.