McCARTHY v. McELVANEY et al.
(No. 7621.)

(Court of Civil Appeals of Texas. Dallas. Jan. 22, 1916. Rehearing Denied Feb. 19, 1916.)

1. MUNICIPAL CORPORATIONS ⬨917—INDEBTEDNESS—"RESOLUTION."

Under the charter of the city of Denison, providing by article 4, § 4, that when the city council deems it advisable to issue bonds it shall, by resolution, declare the purpose for which it deems the issue advisable, the amount of bonds which it deems advisable to issue and sell, the rate of interest, and the denomination of the bonds, and shall thereupon order an election on the question of issuing bonds, a resolution reading, "Whereas the city council of the city deems it advisable to issue certain of said bonds for the purpose and of the amounts hereinafter set forth," without reciting, "Be it resolved," and without containing the word "resolution," was a sufficient "resolution," which is a mere expression of the opinion or mind of the council concerning some matter of administration coming within its official cognizance, and for which no set form of words is essential if the requirement calling for such expression is met, and was not objectionable in that it did not in express terms declare that the council deemed it advisable to issue the bonds.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 1913–1918, 1941; Dec. Dig. ⬨917.

For other definitions, see Words and Phrases, First and Second Series, Resolution.]

2. MUNICIPAL CORPORATIONS ⬨917—BONDS — PRELIMINARY RESOLUTION — DENOMINATION.

Under the Denison City Charter, art. 4, § 4, requiring a resolution of the city council to issue bonds to declare the denomination in which such bonds shall be issued, a resolution, not expressly stating the denomination of the bonds to be issued, but stating the amount of bonds, the rate of interest, and when payable, and the date of maturity, in connection with the mayor's proclamation for the holding of an election pursuant to the resolution stating the denomination of the bonds, was sufficient, and did not invalidate the bonds.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 1913–1918, 1941; Dec. Dig. ⬨917.]

3. MUNICIPAL CORPORATIONS ⬨917 — BONDS —PRELIMINARY ORDINANCE—TIME OF PAYMENT.

Under the Denison City Charter, art. 4, § 4, providing that after a vote in favor of issuing bonds, an ordinance shall be passed providing for the issuance thereof and naming the purpose of the issue and the amount of the aggregate issue, no bonds to run for more than 40 years, an ordinance declaring that the bonds should be dated as of July 1, 1915, prior to the time they were authorized to be issued, and that they should bear interest from date at the rate of 5 per cent. per annum, while an irregularity, did not invalidate bonds which had not been issued and were still in the city's hands.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 1913–1918, 1941; Dec. Dig. ⬨917.]

4. MUNICIPAL CORPORATIONS ⬨921—ISSUANCE OF BONDS—PRELIMINARY ORDINANCE—SALE PRICE.

Under the statute, requiring municipal bonds to be sold for not less than par and accrued interest, an ordinance, passed after a vote authorizing a city bond issue, providing that they should be sold at par, meant the same as the statute, thereby giving the taxpayers the principal and accrued interest stated on the face of the bonds, and did not invalidate the bonds.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 1932–1935; Dec. Dig. ⬨921.]

Appeal from District Court, Grayson County; M. H. Garnett, Judge.

Action for injunction by C. C. McCarthy against C. T. McElvaney and others. From an order refusing a temporary injunction, plaintiff appeals. Affirmed.

Jas. P. Haven and G. D. Hunt, both of Dallas, for appellant. John T. Suggs, of Denison, and Head, Dillard, Smith, Maxey & Head, of Sherman, for appellees.

RAINEY, C. J. This suit was brought by appellant against the city of Denison, Tex., to enjoin the issuing and selling of certain bonds for the building of a viaduct. The application for a temporary injunction was made to the judge in vacation, on which day it was refused. An appeal was duly perfected.

The first assignment of error presented is:
"The trial court erred in refusing to grant the relief by injunction asked for by plaintiff on the ground that the resolution of the city council was fatally defective and wholly insufficient to authorize a submission by said city

council to the electors of the city of the question of the issuance of certain municipal bonds, and that the election attempted to be held pursuant to such resolution was illegal and void."

The proposition is made that the charter provisions require certain necessary steps to be taken by the council as a precedent for the issuance of bonds, and that those requirements were not observed; hence the issuance of said bonds would be invalid; that no such resolutions as contemplated by the charter for holding such an election were passed by the council; hence the election was void. The council of Denison, on August 12, 1915, passed a resolution as follows:

"At a regular meeting of the city council of the city of Denison, Texas, held at 3 o'clock p. m., August 12, 1915, the following proceedings were had: Alderman F. G. Coleman offered the following resolution: Whereas, the city council of the city of Denison, Texas, deems it advisable to issue certain bonds of said city for the purpose and in the amounts hereinafter set forth, it is hereby directed and ordered by the city council of the city of Denison that an election be held in said city on the 9th day of September, 1915, at which election the following proposition shall be submitted: Shall the city council of the city of Denison be authorized to issue the bonds of the said city of Denison in the sum of fifty thousand dollars, to be payable from one to twenty years after date, twenty-five hundred dollars of such bonds maturing each year, bearing interest at the rate of five per cent. per annum, interest payable semiannually, and to levy a tax sufficient to pay the interest on said bonds as it matures and to create a sinking fund sufficient to redeem them at maturity, for the purpose of constructing permanent street improvements, to wit: A viaduct connecting Rusk avenue from a point near the intersection of same with Morgan street with Austin avenue at a point near its intersection with Munson street, all in the city of Denison, said viaduct to be constructed in a permanent and substantial manner of steel, stone and concrete, all in accordance with plans and specifications to be prepared therefor."

The resolution then specified the places where the election was to be held, naming the respective presiding judges, and stating that the election was to be held subject to the laws of the state and charter of Denison, and that only qualified property owners and taxpaying voters of said city would be allowed to vote. It stated what should be printed on the ticket, and provided for the mayor issuing a proclamation for holding said election in accordance with said resolution and publishing same as provided by law. In accordance with said resolution the mayor issued his proclamation, which was duly published, and an election was duly held; the proposition to issue bonds being duly carried. The mayor's proclamation, after reciting said passage of the resolution, further recited that it is—

"determined that it is advisable that there be issued the negotiable bonds of the city of Denison, Texas, for the purpose of construction of permanent improvements to streets by the construction of a viaduct connecting Rusk and Austin avenues between Munson and Morgan streets; that the total amount of such issue shall be $50,000.00 and bonds so issued shall bear interest, payable semiannually, at the rate of five per cent. per annum, and to be of the denomination of $500.00 each when issued and to be payable from one to twenty years after date; $2,500.00 of such bonds maturing each year."

The charter of Denison bearing upon the proposition in question is as follows:

"Article IV. Sec. 1. The city of Denison is hereby authorized and empowered to issue bonds as herein provided but not otherwise and all bonds hereafter issued shall be authorized by ordinance duly passed and each ordinance providing for the issue of bonds shall specify the precise purpose for which the bonds are issued and the use to which the money realized from said bonds shall be put. The city council of the city of Denison may, of its own motion, and without any vote of the people, issue bonds to refund and take up old bonds theretofore issued and to extend the time of payment of the debts represented by bonds heretofore issued and to be refunded. But it is expressly provided that all the above-named bonds which may be so issued by the city council shall not bear interest at a rate exceeding five per centum per annum and said interest shall be paid semiannually as it accrues, and it is further expressly provided that the principal aggregate amount of the above-named bonds which may be hereafter issued by the city council shall be divided into fifteen different portions and one portion of the principal amount of each issue of bonds shall be paid each year and the bonds represented by said payment shall be duly canceled and a record of the same made and the said bonds when paid and canceled shall be kept as evidence of payment and of the cancellation thereof.

"Sec. 2. Power and authority is hereby granted to the city of Denison to issue other bonds than those above provided for but no bonds other than those above provided for in section 1 of this article shall ever be issued unless the issuance of the same shall be authorized by a vote of the inhabitants of the city of Denison as herein provided for.

"Sec. 3. No bonds shall ever be issued under section 2 of this act except for the making of permanent improvements and for furnishing public utilities such as are named in this act, and no such bonds shall ever be issued which shall bear interest exceeding the rate of five per cent. with said interest payable semiannually as it accrues, nor shall any such bonds be issued except upon ordinance made by the city council after a majority vote of the electors of the city of Denison in favor of said ordinance and the issuance of said bonds as hereinafter determined.

"Sec. 4. Whenever the city council may deem it advisable to issue bonds other than those provided for in section 1 of this article, the council shall by resolution declare the purpose for which it deems the issuance of bonds advisable, the amount of bonds which it deems advisable to issue and sell to raise money to execute said purpose, the rate of interest which said bonds shall bear and the denomination in which said bonds shall be issued. The city council shall thereupon order an election of the qualified property owning voters in said city to be held not later than thirty days after the date of the resolution and at said election the ballot of the qualified voters shall be taken and those voting for the issuance of said bonds shall have written or printed upon their ballot 'in favor of issuing bonds in ...... for the purpose of ......' and blanks in said ballot herein shown shall state in one the amount of issue and in the purpose following the resolution made by the city council and those voting against the issue shall vote a like ballot except the words against the issuing of bonds in amount and for the purposes set forth. If at such election a majority of the voters shall have voted for the issuance of bonds then an ordinance shall be passed providing for the issuance and the said bonds shall be issued, but in every instance an ordinance shall be

duly passed providing for the same and naming the purpose for which said bonds are issued and the amount of the aggregate issue thereof and no bonds herein provided for shall run for a longer time than forty years."

[1] It is claimed by appellant that the resolution in its expression differs materially from what the charter of the city of Denison intended in granting the right to issue municipal bonds:

First. It is contended that the resolution does not recite, "Be it resolved," in the beginning thereof, "that," etc. This is true, nor is there contained therein the word "resolution," but it was introduced as a resolution, and on its face it purports to be a resolution, and we think it is one. The law regards not so much the form of · an instrument as it does the substance, where the intention is expressed by plain and intelligible language, which is done by this resolution.

"A resolution is a mere expression of the opinion or mind of the council concerning some matter of administration coming within its official cognizance, and no set form of words is essential, if the requirement which calls for such expression is met."

Second. It is further contended that said resolution does not, in express terms, declare that the council deems it advisable to issue the bonds, as required by section 4, art. 4, of its charter, which provides that:

"Whenever a city council may deem it advisable to issue bonds, * * * the council shall by resolution declare the purpose for which it deems the issuance of bonds advisable," etc.

The resolution reads:

"Whereas, the city council of the city deems it advisable to issue certain of said bonds for the purpose and in the amounts hereinafter set forth," etc.

If the language of the resolution does not express that the city council deemed it was advisable for the issuance of bonds and effect a declaration for the purpose thereof, which at least is a substantial compliance with said charter, then we fail to grasp its meaning.

[2] Third. It is further contended that the resolution does not state the denomination of the bonds to be issued. While the resolution as passed did not expressly state the denomination of the bonds to be issued, ·it did state the amount of bonds, the rate of interest, and when payable, the time the bonds were to mature, and the amount to mature each year. The proclamation issued by the mayor in pursuance of said resolution for the holding of an election stated the denomination of the bonds to be issued. The people were duly informed as to the denomination of the bonds, and consequently there can be no claim that they were misled. Un-

der the circumstances, this omission was immaterial, and should not require a holding that the issuance of the bonds would be invalid.

[3] The second assignment of error is:

"The trial court erred in refusing to grant the relief by injunction asked for by plaintiff, on the ground that the action of the city council in providing in its ordinance that the bonds should bear a date prior to the time the bonds were to be issued, and prior to the time the electors had authorized their issuance, and in dating same pursuant to such ordinance, was illegal and unauthorized, and the bonds themselves invalidated."

The election on the issuance of said bonds was held on September 9, 1915. On September 20, 1915, the city council of Denison passed an ordinance to the effect that "said bonds shall bear date of July 1, 1915," and, further, "all of said bonds shall bear interest from date at the rate of 5 per cent. per annum." Neither in the ordinances passed nor in the proclamation issued by the mayor for the election held to determine whether or not bonds should be issued was there a time specified for the bonds to bear date. While the dating of the bonds July 1, 1915, was prior to the time the bonds were authorized to be issued, which appears to be irregular, yet we are unable to see that the issuance thereof affects their validity, as no injury resulted therefrom. The bonds had not been issued and were still in their hands.

[4] No claim was made in appellant's petition that he feared the council would sell the bonds for less than par and accrued interest, or that it intended to. The ordinance passed required that said bonds should be sold at par, and it is to be presumed that the council in so doing will conform to the law. The language of the ordinance is not in the exact language of the statute, which requires bonds to be sold for not less than par and accrued interest; but we think the ordinance means the same thing—that is, the bonds shall be sold for not less than par and accrued interest. This being so, the bonds, when sold, cannot legally be issued until then, and the council should receive par value; that is, the principal and interest as shown by the face of the bonds. If this is done, the taxpayers will receive the full value of the principal and accrued interest stated on the face of the bonds, which will be in conformity with their instructions expressed by the vote at the ballot box.

We think the city council has in every material particular substantially complied with the law for the issuance of said bonds, and the judgment refusing the issuance of an injunction is affirmed.