HUNTER v. RICE et al.   (No. 7767.)

(Court of Civil Appeals of Texas. Dallas. Nov. 18, 1916. Rehearing Denied Jan. 6, 1917.)

MUNICIPAL CORPORATIONS ☞918(3)—BONDS —ELECTION—NOTICE—SUFFICIENCY.

Under Vernon's Sayles' Ann. Civ. St. 1914, art. 606, providing that a proposition for issuance of municipal bonds shall distinctly specify the purpose, the amount, the time payable, and the rate of interest, and article 616, providing that any city or town providing for issuance of bonds shall provide for levy and collection of a tax annually of sufficient amount to pay annual interest and a sinking fund to retire the indebtedness, and article 884, providing for an ad valorem tax to pay interest and creating a sinking fund, the notice for an election on a bond question need not specify the rate of the tax to be levied, but that is left to the city council or town board.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 1921; Dec. Dig. ☞ 918(3).]

Appeal from District Court, Hill County; Horton B. Porter, Judge.

Injunction by R. T. Hunter against E. Rice and others. Judgment for defendants, and order overruling motion for new trial, and complainant appeals. Affirmed.

Shurtleff & Cummings and J. E. Clarke, all of Hillsboro, and Chas. L. Black, of Austin, for appellant. Morrow & Morrow, of Hillsboro, for appellees.

TALBOT, J. The following statement of the nature and result of the suit is taken from appellant's brief: This suit was filed by the appellant, R. T. Hunter, against the appellees, E. Rice, W. S. Ford, J. N. Collier, A. D. Rhea, P. J. Sherman, and J. C. Finley, the appellant seeking to enjoin the issuance and sale of certain bonds of the town of Whitney, Tex., and the levy and collection of a tax to pay the interest on, and provide a sinking fund for the payment of, said bonds. The cause was tried before the court without a jury, and, after hearing the case, the court rendered judgment in favor of appellees. Appellant thereupon filed his motion for new trial and said motion, upon con-

sideration, was overruled by the court, and appellant excepted to such action and gave notice of appeal, and has in due time and manner perfected his appeal to this court.

The appellant, R. T. Hunter, alleged that he was a qualified voter and property taxpayer of and resided in the town of Whitney, Hill county, Tex., and further alleged that the appellee E. Rice was the duly elected, qualified, and acting mayor of the said town, and that the other defendants named were the duly elected, qualified, and acting aldermen of said town. Appellant further averred that, on September 14, 1915, the appellees, in their official capacity, passed an order, whereby they ordered that an election should be held in said town of Whitney on October 19, 1915, to determine whether or not the appellees should be authorized to issue the bonds of said town in the sum of $15,000, payable 40 years after date, bearing interest at the rate of 5 per cent. per annum, "and to levy a tax sufficient to pay the interest on said bonds and create a sinking fund sufficient to redeem them at maturity," for the purpose of constructing a waterworks system in said town. He further averred that on October 19th, the said election was held, and that the appellees thereafter, on October 25th, declared the result of said election as being in favor of the issuance of said bonds and the levy of said tax, and that the appellees were seeking and preparing to issue said bonds and to levy the said tax, and would do so unless restrained by the court. Appellant further averred that the election was void, and all the orders and proceedings of the appellees were void for the reasons: (1) That there was no law of the state authorizing the town of Whitney to issue bonds for the purpose specified in said order; (2) that no legal and sufficient notice of the election had been given before the same was held; (3) that the order for the election was void, because the same did not specify, as required by law, the rate of taxes to be voted to pay the interest on said bonds and provide a sinking fund for their redemption. Appellant prayed for a writ of injunction to issue, restraining the appellees from issuing said bonds and from selling the same when issued and from levying or attempting to levy or collect the said tax. The appellees answered by general demurrer, general denial, and by special answer that the bonds referred to in plaintiff's petition were regularly issued, and that all the proceedings had and done with respect to their issuance were valid, and that proper notice was given, etc.

The appellant presents but one assignment of error, namely:

"The court erred in denying the injunction prayed for, for the reason that the order for the bond election did not specify the rate of taxation proposed to be assessed and levied to support the said bonds, as required by the laws of this state, and the said order was therefore

void, and the election ordered was therefore void, and the said bonds illegal and void."

The order for the election in question was regularly made by the appellees on September 13, 1915, and by its terms ordered that an election be held in the town of Whitney on the 19th day of October, 1915, and that at said election the following proposition be submitted:

"Shall the city council of the city of Whitney be authorized to issue the bonds of said city in the sum of fifteen thousand dollars ($15,000.-00), payable (40) forty years after date, with the option of redeeming same at any time after ten years from date, bearing interest at the rate of (5%) five per cent. per annum, payable annually and to levy a tax sufficient to redeem them at maturity, for the purpose of constructing a waterworks system in the said city of Whitney?"

The question presented is, Does the law require that the order for a bond election of the character involved in this proceeding shall specify the rate of taxation to be levied and collected for the payment of the bonds? Article 606 of Vernon's Sayles' Texas Civil Statutes prescribes how the proposition in such cases shall be submitted to a vote of the qualified taxpaying voters of the city, and reads as follows:

"The proposition to be submitted for the issuance of bonds shall distinctly specify the purpose for which the bonds are to be issued, the amount thereof, the time in which they are payable, and the rate of interest; and all voters desiring to support the proposition to issue bonds shall have written or printed upon their ballots the words, 'For the issuance of bonds,' and those opposed shall have printed upon their ballots the words, 'Against the issuance of bonds.'"

This statute, as will be observed, does not require, as one of the requisites of the order to be made for the election, that it state, either in a general way or specifically, the tax to be levied, and we have found no statute to that effect. The case differs materially from Parks v. West, 108 S. W. 466, seemingly relied on by appellant, and the case of Lowrance v. Schwab, 46 Tex. Civ. App. 67, 101 S. W. 840, cited in the Park-West Case. In those cases the statute under which the elections were authorized and held required that the order therefor should state the amount of the tax to be voted on, and the orders made in both cases were to the effect that the purpose of the election was to determine whether or not a tax not to exceed in any one year a certain number of cents on the $100 valuation of property subject to taxation in the respective districts shall be levied, etc. In holding in those cases that the election for the bond issue and tax levies was void because the orders therefor did not state the exact rate of the tax which it was proposed to levy, the conclusion was reached that under the provisions of the statutes applicable, the vote at such an election must be for a specific tax, and vested in the authorities ordering the election no discretion, either as to whether the levy of the tax should be made or as to its amount; that said provisions, taken together, clearly meant that the petition fixes the amount for which the election is to be ordered, and the order enables the voter to vote for the specific sum proposed to be levied, thus leaving nothing to the discretion of those ordering the election, but rendering their duties purely ministerial. In discussing the Lowrance-Schwab Case, which met with the approval of this court when the opinion in the Parks-West Case was written, and which still meets its approval, it was pointed out that in view of the fact that the order for the election stated that its purpose was to determine whether or not a tax not to exceed 20 cents on the $100 valuation of taxable property, the commissioners' court under the election held might have levied any sum up to 20 cents on the $100 valuation and that there was no authority in the law for the delegation of the discretion of the voter to the commissioners' court. The reasons for declaring the elections void in the cases referred to because the orders therefor did not specify the rate of the tax which it was proposed to levy do not exist in the present case. Here the statute, not only directs that the city council shall, at the time it authorizes the execution of bonds, provide for the levy and collection of a tax sufficient to pay the annual interest on such bonds and create a sinking fund for the redemption of the bonds at maturity, but that the city council or other municipal authorities shall levy such a tax. Vernon's Sayles' Texas Civil Statutes, 616, 884. In no provision of the statute is it required that the amount of the tax be stated in the order for the election, or that the amount of the tax shall be determined by a vote of the qualified taxpaying voters of the city. As we understand the statutes relating to cases like the present, the Legislature, perhaps because the amount of the tax to be levied for the payment of the bonds was based on taxable values, which might change each year, has clothed the city council with the authority to ascertain the amount of that tax and to levy the same.

The judgment of the court below is affirmed.