## HARRIS v. CITY OF PORT ARTHUR et al.*
(No. 1155.)

(Court of Civil Appeals of Texas. Beaumont. Oct. 24, 1924. Rehearing Denied Dec. 17, 1924.)

1. **Municipal corporations ⬅33(10)—Annexation of territory may not be collaterally attacked.**

Validity of attempted annexation of contiguous territory may not be collaterally attacked at suit of private citizen.

2. **Municipal corporations ⬅33(10)—Annexation of territory held not subject to collateral attack in proceeding to enjoin issuance of bonds.**

Where municipality, having power to annex contiguous territory, has attempted such annexation and endeavored to give validity to its act, legal effects of steps taken cannot be questioned collaterally in proceeding to enjoin sale of improvement bonds on theory that such annexation is void and without it the bonds were invalid as in excess of authorized indebtedness.

3. **Municipal corporations ⬅931—Judgment declaring certain property nontaxable held not to affect validity of prior bond issue.**

Where city's annexation of contiguous territory gave it sufficient taxable values to sustain particular bond issue, subsequent entry of a judgment declaring certain valuable property within such annexed territory not subject to taxation could not affect validity of bonds.

4. **Appeal and error ⬅757(1)—Assignments of error attacking bond election, held not reviewable, in absence of citation of relevant charter provisions.**

Assignment of error, attacking bond election for noncompliance with requirements of city charter, *held* not sufficiently presented for review, where neither pleadings nor brief contained citations of relevant charter provisions.

5. **Evidence ⬅31—Courts take judicial notice of provisions of city charter.**

Courts take judicial notice of provisions of city charter.

### On Rehearing.

6. **Municipal corporations ⬅918(2)—Bond election need not be called by ordinance.**

That taxes can only be levied by ordinance and that bond issue can only be paid by taxes does not require bond election to be called by ordinance.

Appeal from District Court, Jefferson County; Geo. C. O'Brien, Judge.

Suit by H. M. Harris against the City of Port Arthur and others. Judgment for defendants on demurrer, and plaintiff appeals. Affirmed.

F. G. Vaughn, of Port Arthur, for appellant.

Dycus & Shivers and Wistner & White, all of Port Arthur, for appellees.

WALKER, J. This suit was instituted by appellant as a citizen and taxpayer of appellee, the city of Port Arthur, to enjoin the sale of improvement bonds in the sum of $1,036,500 issued by the city of Port Arthur and duly approved by the Attorney General's department. This appeal is from an order of the trial court sustaining appellee's general and special demurrers to appellant's petition. While many attacks are made on the bonds by appellee in his petition of 82 pages, the following are the only grounds brought forward in his brief, as reflected by his assignments of error:

(1) The bonds were void because the city had attempted to annex the Model addition without complying with its charter provisions to the effect that "there must be a petition presented to the city commission containing a majority of the qualified taxpaying citizens residing in said territory or the signatures of 100 qualified taxpaying voters residing in the city." (From first assignment of error.)

(2) The annexation of the Model addition was void, because the ordinance calling the election for that purpose did not contain the caption provided by the charter. (From second assignment of error.)

(3) The order calling the election for the purpose of submitting to the qualified voters the question of whether or not the Model addition should be annexed to the city of Port Arthur and the order calling the election for the bonds in question were void because passed at special sessions of the commission, not called in compliance with charter provisions. (From third and sixth assignments of error.)

(4) The Model addition was never a part of the city of Port Arthur, because the city commission failed to comply with the charter provisions providing in annexation elections that "the result of such an election shall be declared by ordinance, and before property can become a part of the city by way of taxation there would have to be an ordinance passed declaring the said proposed annexed property to be a part of the city." (From fourth assignment of error.)

(5) "That the court erred in sustaining a general demurrer and special exceptions to plaintiff's petition because it is provided by chapter 2, section 1 of the Charter of the city of Port Arthur, that no ordinance, resolution or motion or action directly and specifically affecting the department presided over by any commissioner shall be passed or taken in the absence of such commissioner, and the plaintiff alleges that B. J. Wade, who presided over and had charge of the department of public property and improvement, which included the supervision of all public streets and public property, sewerage, and drainage, and that the ordinance calling for said bond election and submitting to the people the several questions contained in said ordinance directly affected his department, and that no session could be lawfully held without the said Wade's presence and voting upon the questions that affected his department and that he was not present." (Fifth assignment of error.)

(6) The order calling the bond election was void because it included the Model addition as taxable property of the city of Port Arthur when such addition was not, in fact, a part of the city. (From seventh assignment of error.)

(7) The ordinance calling the bond election was void because it did not contain the caption provided by the charter. (From eighth assignment of error.)

(8) The ordinance calling the bond election was rendered void and of no legal force and effect, because, after its submission to the people, and after the commission attempted to annex the Model addition, "there was a judgment rendered in the district court of Jefferson county, Tex., in which the defendants and each of them were enjoined from collecting taxes upon any of the property of a large number of persons, and the plaintiff alleged in the court below that the said property which was exempt from taxation by reason of said judgment was of the most valuable of all the taxable property within said newly annexed territory, and that by reason of the rendition of said judgment that the plaintiff and the other people residing within the city of Port Arthur had been subjected to a greater taxable burden than was otherwise contemplated by said ordinance calling for said election." (From ninth assignment of error.)

(9) "That the court erred in sustaining a general demurrer and general exceptions thereto because the plaintiff alleged in the twenty-fifth paragraph of his petition that the city of Port Arthur had exceeded its authority to issue bonds for the reason that the bonded indebtedness of the city was approximately $3,000,000, and that, in order to create the sinking fund of 2 per cent. which is required by the city charter, and to pay the accrued interest on the bonded indebtedness of the city, the amount of the bonded indebtedness will far exceed and will be greater than 1 per cent. per annum of the taxable valuation of said property within the city." (Tenth assignment of error.)

It does not appear very clearly from appellant's allegations in what way the annexation of the Model addition would affect the bonds voted by the city of Port Arthur, as this addition constituted only a very small part of the taxable property of the city. But, giving appellant the benefit of all the intendments of his allegations, it may be inferred that the entire taxable value of the Model addition must be included in the city tax rolls in order to prevent the bond issue from exceeding the limits of the city's possible bonded indebtedness. If this is the proper construction of appellant's allegations, then he is attempting in this suit to attack the annexation of the Model addition in a collateral proceeding, which cannot be done. It clearly appears from his allegations that the city of Port Arthur attempted to comply with all its charter provisions in the annexation of the Model addition, received petitons for that purpose, called and canvassed the return of the election held for that purpose, declared the result of the election, and annexed the territory by ordinance. After all this was done, the city extended its jurisdiction over the annexed territory, and its citizens and officers, as well as the citizens of the annexed territory, recognized the Model addition as a part of the city. The jurisdiction of the city was recognized by all parties as extending to the extent of the election boundaries. In annexing the territory the city of Port Arthur attempted to do nothing except what it was specifically authorized to do, and all things attempted by it were within the grant of authority given by its char-

ter. No point is made that it acted beyond its jurisdiction in attempting the annexation, but only that it erred in attempting to exercise its jurisdiction.

[1] On these facts appellant, as a private citizen of Port Arthur, could not attack the validity of the attempted annexation in this collateral proceeding, but this could be done only in a direct proceeding "brought for that purpose in the name of the state, or by some individual under the authority of the state, who has a special interest which is affected by the existence of the corporation." Graham v. City of Greenville, 67 Tex. 69, 2 S. W. 742. See, also, Parker v. Harris County (Tex. Civ. App.) 148 S. W. 351; Gibbons v. Ross (Tex. Civ. App.) 167 S. W. 21; Cohen v. City of Houston (Tex. Civ. App.) 205 S. W. 757.

Appellant recognizes the authority of the cases cited, but contends (quoting from his brief) "that the Model addition to the city of Port Arthur is not a part of the city, for the reason that the third condition of the city charter has not been complied with; that is, the passage of an ordinance declaring the Model addition to be a part of the city. Then, if the Model addition is not a part of the city, it cannot be logically reasoned that this is a suit in which the validity of a municipal corporation is attacked."

[2] Appellant's proposition does not distinguish his case from the authorities cited. The municipality had the power to act in relation to all matters complained of, and, having acted and having attempted to give validity to its act, the legal effect of the steps taken in the annexation of the Model addition cannot be questioned in this collateral proceeding.

[3] This disposes of all contentions attacking the annexation of the Model addition, and under appellant's own allegations gives the city of Port Arthur sufficient taxable values to sustain the entire bond election. This being so, we do not understand how the result of the lawsuit referred to by appellant in his ninth assignment of error could affect the validity of the bonds. If the bonds were legally voted, they were not rendered void in that collateral suit, which, at the most, could only affect the amount to be legally issued. On this point appellant alleged no facts upon which the court could have granted him relief. He did not allege the interest rate of outstanding bonds, nor the amount they had been reduced by the annual sinking fund, nor did he allege the interest rate of the bonds in question. There was nothing before the court from which it could be inferred even that the amount of the bonds exceeded the legal limit of the city's bonded indebtedness.

[4, 5] Appellant's assignments of error attacking the bond election on the ground that the ordinance calling it had no caption, and that the meeting of the city commission at which it was passed was not called in compliance with the provisions of the charter, are not supported by any statement from the record. It is true that appellant states as a conclusion in his brief that the charter of the city of Port Arthur provides that bond elections must be called by ordinance, but he does not give, either in his pleadings or in his brief, any such charter provision. While it is also true that we take judicial notice of the provisions of the charter of the city of Port Arthur, we have no actual knowledge thereof, nor have we been furnished with a copy of the charter. Appellees in their brief make the statement that the charter contains no such provision, saying:

"Taking up proposition 1, of proposition 1. defendant insists that neither the charter or ordinances of said city require or demand that an ordinance be passed calling any election whatsoever. Section 1, of chapter 2 of the Charter of the city of Port Arthur, after certain things have been done and performed, provides that the commissioners shall thereupon call and hold an election in the same manner as other city elections are called and held. Section 6 of chapter 5 of the Charter of the city of Port Arthur, as amended, provides that notice of all special elections shall be given by publishing a notice of said election for at least two weeks, first publication to be at least ten days before the holding of same, and further providing that all notices of election shall be given by the mayor of said city, or if he refused to act the same may be given by any two commissioners of said city.

"That an ordinance is not necessary to call an election is further evidenced by section 1 of chapter 2 of article 2 of the Charter of the City of Port Arthur, Tex., wherein it provides that the affirmative vote of two members of said commission to pass any ordinance, resolution, or motion, or transact any business except as herein otherwise provided. This provision of the charter would make it mandatory for at least two commissioners to vote in favor of the passage of an ordinance, if an ordinance was required, and would therefore make it impossible for the mayor alone to call an election, if same should be called by the passage of an ordinance as it can be plainly seen by said charter provisions that the mayor is without authority to pass any ordinance whatsoever without the vote of at least himself and one other commissioner.

"That an ordinance is not required for the calling of an election is further evidenced by Article 2934 of the Revised Civil Statutes of the State of Texas, wherein said article provides that the mayor shall call all elections, and, if he fails so to do, then the board of aldermen shall call said election."

As presented, we cannot further discuss this assignment, as appellant has failed to properly sustain it by statements from the city charter.

We think it clear that appellant's petition on the points brought forward in his brief was subject to the general demurrer, and that the trial court's judgment so holding should be affirmed, and it is accordingly so ordered.

### On Rehearing.

On rehearing appellant has attacked, by appropriate assignment, our conclusions on the original submission. We have given this motion our most careful consideration, and believe we have correctly disposed of all issues raised.

[6] Appellant now gives us the benefit of extensive citations from the charter of the city of Port Arthur, but neither quotes nor cites any section from the charter providing that elections must be called by ordinance. The contention is made, however, as we understand it, that because taxes can be levied only by an ordinance, and that the bond issue can only be paid by taxes, therefore a bond election must be called by ordinance. Since we filed our original opinion, the advance sheet of the Southwestern Reporter, vol. 265, p. 190, publishes an interesting and most instructive opinion by Mr. Chief Justice Hall of the Amarillo court directly in point on the proposition that a bond election need not be called by ordinance. Judge Hall said:

"The general rule relating to such matters is expressed in volume 5, McQuillin, Mun. Corp., § 2299, as follows:

"'A bond issue is preceded by certain proceedings, usually provided for by statute or charter; such statutory or charter requirements, in so far as essential and mandatory, must be observed in substance, especially in regard to conditions precedent, but slight irregularities in such proceedings of course are not fatal.

"'If an ordinance or resolution is necessary, bonds issued without any such ordinance or resolution are void. If the statute or charter requires an ordinance a resolution is insufficient, but if there is no provision in regard thereto, a resolution is proper or a motion.'

"There is no statutory or charter provision requiring that an ordinance, or even a resolution, is necessary to authorize an election to determine an issue of bonds of this character. In the absence of any such statute, or charter provisions, we hold that the motion or order above quoted is all that is required. This question has not been directly passed upon by the courts of this state, but in cases involving the validity of bonds our courts have upheld them without the formality of a previous ordinance, authorizing the election on the issuance of the bonds. Thornburgh v. Tyler, 16 Tex. Civ. App. 439, 43 S. W. 1054; Conklin v. El Paso (Tex. Civ. App.) 44 S. W. 879; Simpson v. City of Nacogdoches (Tex. Civ. App.) 152 S. W. 858; McCarthy v. McElvaney (Tex. Civ. App.) 182 S. W. 1181; Hunter v. Rice (Tex. Civ. App.) 190 S. W. 840. This holding is in accord with the weight of authority in other jurisdictions. Atchison Board of Education v. De Kay, 148 U. S. 591, 13 Sup. Ct. 706, 37 L. Ed. 573; Wrought-Iron Bridge Co. v. Arkansas City, 59 Kan. 259, 52 Pac. 869; State v. Babcock, 20 Neb. 522, 31 N. W 8; Common Council v. Engel, 207 Mich. 106, 173 N. W. 547; 28 Cyc. 1585. It is not clear why an ordinance is ever necessary to the calling of an election within a municipality to determine upon the issuance of bonds, since the calling of such an election is in no sense a legislative act. The call results in the enactment of no law, but is purely an administrative and ministerial matter." City of Vernon v. Montgomery, 265 S. W. 190

The motion for rehearing is therefore in all things overruled.