## EX PARTE ROBERT MAYES.

### No. 1432. Decided March 8, 1898.

**1. Local Option Election—Presiding Officer.**

A local option election is not void because the Commissioners Court, in ordering the election, appointed one M. "manager of the election," instead of "presiding officer." The mere misnaming the title of the officer would not invalidate the election.

**2. Same—De Facto Officer.**

A de facto officer might legally hold a local option election, and his acts in that capacity can not be inquired into collaterally.

**3. Same—Failure to Designate the House in Which to Hold Election.**

A failure by the Commissioners Court, in their order for a local option election, to designate the particular house, in the precinct wherein the election was to be held, as the place of voting, will not invalidate the election where there is no evidence to show that on account of such failure any of the voters were debarred the privilege to vote or deprived of their right to vote at said election. The simple designation of the town or village as the place of holding the election will be sufficient.

**4. Same—Contesting Local Option—Injunction.**

The law provides, that contests over local option elections shall be carried on, as near as possible, under the same rules as contests for election of officers; and the law having provided the particular remedy, would exclude any other character of proceeding, as, for instance, by injunction, save only where the injunction is auxiliary to the main proceeding.

APPEAL from the County Court of Leon. Tried below before Hon. J. M. POWELL, County Judge.

Appeal from a judgment on habeas corpus remanding relator to custody of the sheriff, who was holding him under a capias to answer for a violation of local option.

On February 13, 1897, the Commissioners Court of Leon County ordered: "That an election be held on the 11th day of March, 1897, within the hours prescribed by law, at Oakwoods, in said subdivision (i. e. the subdivision described in the complaint and information, being a subdivision made solely for the purposes of the election), by the qualified voters of said above described subdivision, of which election Alvin Moore is hereby appointed 'manager,' to determine whether or not the sale of intoxicating liquors shall be prohibited in said subdivision of Leon County, Texas."

On May 14, 1897, the Commissioners Court passed an order reciting the opening of the polls and the counting of the votes, declaring the re-

sult and prohibiting the sale of intoxicating liquors within the subdivision, which was described by metes and bounds in the order.

On June 30, 1897, at 9 o'clock a. m. the county judge of Leon County, entered the fact of publication of the preceding order for four successive weeks on the minutes of the Commissioners Court of Leon County. Oakwoods is an unincorporated town in Leon County, without any fixed limits.

On March 20, 1897, Robert Mayes, H. B. Gunter, and B. B. Kimbell filed their petition in the District Court of Leon County, against the county judge, county commissioners, and county attorney of said county, wherein they prayed for an injunction prohibiting the counting of the votes polled at the local option election held at Oakwoods on March 11, 1897, or the making of any order declaring the result of such election, etc., and said petition set out numerous grounds for the issuance of the injunction.

The district judge made the following order on this petition, to wit:

"In vacation, Huntsville, Texas, March 20, 1897. Upon the applicants for writ of injunction giving bond in the sum of five hundred dollars, conditioned as the law directs, with two or more good, sufficient sureties, to be approved by the clerk of the District Court of Leon County, State of Texas, said clerk will issue the writ of injunction prayed for, restraining J. W. Powell, county judge of said county, and the County Commissioners Court of said county from counting the votes of the local option election described in the above and foregoing application for writ of injunction, and from estimating the result of said election from the returns of said election forwarded to said court, or from counting of said votes, and from the issuance and publication of order of court or proclamation declaring the result of said election, from said returns, or from the counting of said votes, said writ to be made returnable to the next regular term of the District Court of said Leon County, State of Texas. J. M. Smither, Judge Twelfth Judicial District."

The injunction bond having been given, and the writ of injunction having been issued and served, defendants, upon May 3, 1897, filed what they termed a plea to the jurisdiction in the injunction suit, reading as follows:

"Robt. Mayes et al. v. J. W. Powell et al.—In the District Court, Leon County, May Term, 1897.—Now come the defendants and say that the court has no jurisdiction of the subject matter of this suit, because the matter involved constitutes neither a suit, complaint, or plea, within the meaning of the Constitution of the State of Texas defining the jurisdiction of the district court.

"Wherefore, they pray judgment whether this court can or will take further cognizance of this suit. B. D. Dashiell, Attorney for Defendants."

No order or judgment has ever been entered in said injunction suit upon the minutes of the District Court of Leon County. The only entry on the judge's docket reads as follows:

"Robt. Mayes et al. v. J. W. Powell and others.—May 18, 1897.—Plea to jurisdiction sustained. Plaintiffs except and in open court give notice of appeal to the Court of Civil Appeals of the First Supreme Judicial District. J. M. Smither, Judge."

It was proven by the district clerk that this entry upon the judge's docket was not made prior to the 18th day of May, 1897.

The attorney of record for the defendants in the injunction suit testified, over applicants' objections, that after the presiding district judge had taken the plea to the jurisdiction under advisement from May 4 to May 13, 1897, he was requested by witness, upon the last named date, to announce his ruling thereon, when the judge announced from the bench, in open court, that the plea to the jurisdiction was sustained and the injunction dissolved, and that witness then notified the Commissioners Court of this action, and they proceeded to count the vote and declare the election's result.

*Thomas B. Greenwood & Son* and *Wm. Watson,* for relator.—The court erred in remanding relator to the custody of the sheriff upon the charge of violating local option in a subdivision of Leon County, because the proof showed that neither the order for the local option election nor the order undertaking to prohibit the sale of intoxicants in said subdivision complied with the law. Rev. Stat., arts. 3386, 3387, 3389, 1710, 1713, 1716, 1717, 1718, 1738, 1740, 1743, 1747, 1749, 3390, 3391, 3396; Ex Parte Kramer, 19 Texas Crim. App., 125; Steele v. State, 19 Texas Crim. App., 429; Boone v. State, 10 Texas Crim. App., 419, 420; Curry v. State, 28 Texas Crim. App., 475; McMillan v. State, 18 Texas Crim. App., 377; Donaldson v. State, 15 Texas Crim. App., 25; Stewart v. State, 33 S. W. Rep., 1081; Ex Parte Kennedy, 23 Texas Crim. App., 77.

Appellant's second error assigned, submitted as a proposition, is: The court erred in remanding relator to custody, because the proof showed that the Commissioners Court failed to order the local option election to be held at the regular voting place or places in the designated subdivision, but instead ordered such election to be held at an unincorporated town in said subdivision having no known nor fixed limits, and because said court failed to appoint the officers of election required by law to hold general elections, but instead undertook to appoint Alvin Moore as manager of the election.

The court erred in remanding relator to custody, because the proof showed that the order of the Commissioners Court of Leon County declaring the result of the local option election and the pretended order of prohibition, as well as the publication thereof, were all absolutely void, because in plain and direct violation of an injunction issued out of the District Court of Leon County. Rev. Stats., art. 3003; Ward v. Billups, 76 Texas, 468; Farnsworth v. Fowler, 55 Am. Dec., 718; Const., art. 5, sec. 8; Anderson County v. Kennedy, 58 Texas 616; High on Injunc., secs. 847, 848.

The court erred in remanding relator to custody, because the proof

failed to show that a local option election had been either ordered or held in compliance with the law in any subdivision of Leon County, and because the proof wholly failed to show that any valid order prohibiting the sale of intoxicants and in conformity with law had ever been passed or published by the Commissioners Court of Leon County, and because the proof wholly failed to show that upon the date of the sale alleged in the information in evidence local option was in force in any subdivision of Leon County, and because the proof wholly failed to show that the relator had ever made any sale of intoxicants at any time to anybody, and because the proof showed that the order of the Commissioners Court undertaking to declare prohibition and prohibit such sales as that with which relator is charged and the publication of such order were absolutely null and void, because in violation of an injunction issued by a court of competent jurisdiction. Rev. Stats., arts. 3386, 3387, 3389, 3390, 3385, 3391, 3003, 3396; Ex Parte Kramer, 19 Texas Crim. App., 125; Ward v. Billups, 76 Texas, 468; Code Crim. Proc., art. 193.

*B. D. Dashiell,* County Attorney, and *Mann Trice,* Assistant Attorney-General, for respondent.

DAVIDSON, JUDGE.—Relator was arrested for a violation of the local option law, and resorted to the writ of habeas corpus for his discharge.

The statement of facts discloses that the election was ordered for a subdivision of the county, the boundaries being set out. Oakwood was designated as the place for holding the election, and Alvin Moore was appointed "manager of the election." After the election was held, and the votes counted, and the result declared, an injunction suit was filed in the District Court. Upon its final hearing a plea to the jurisdiction was sustained, and notice of appeal given to the Court of Civil Appeals. It is contended here that the election is void, because Alvin Moore was appointed "manager of the election," instead of "presiding officer." We do not think there is anything in this contention. The mere misnaming of the title of the officer would not invalidate the election. It is not contended that Alvin Moore did not in fact hold said election as its presiding officer. If he did in fact and as presiding officer de facto hold said election, this court would not disturb the result of said election on this account. An officer de facto is one who comes into office by color of a legal appointment or election. His acts in that capacity are as valid, so far as the public is concerned, as the acts of an officer de jure. His acts in that capacity can not be inquired into collaterally." See McCrary on Elec., sec. 216. Even if Alvin Moore had not acted as presiding officer or manager of said election, the citizens voting there unquestionably had the authority to select a presiding officer to conduct said election. And in this connection it may be noted that there is no evidence in this record that any of the citizens who were entitled to vote at said election were in any manner debarred that privilege; nor is there any contention that any of the voters were deprived of their right to vote by reason of the failure

of the Commissioners Court to designate a particular house in Oakwood at which such election should be carried on, and at which particular place the ballots should be deposited. "If the votes of the citizens are freely and fairly deposited at the time and place designated by law, the intent and design of the election are accomplished." Id. In Ex Parte Segars, 32 Texas Criminal Reports, 553, this court held that where a particular house had been designated in which to hold an election, and the voters themselves changed the place to a different house, and there held it, and none of the voters were therby deprived of the right to vote, it would not invalidate said election.

It is also contended that, because of the pendency of the injunction suit, the arrest of the defendant for an alleged violation of the local option law would be unwarranted. As stated before, the injunction suit is shown to have been dismissed from the docket for want of jurisdiction of the court to entertain said suit, and the result of said election was thereafter published, as required by the statute, and the arrest of the relator was subsequent to said publication. We do not believe that the District Court had any jurisdiction to entertain the injunction proceeding. See McDaniel v. State, 32 Texas Crim. Rep., 16. The law provides, in regard to contests for local option elections, that they shall be carried on as near as possible under the same rules as in contests for election of officers. The statute having pointed out this remedy, it would seem to exclude any other character of proceeding. But if the injunction could be resorted to at all it must be as ancilliary to the main proceeding. This was not the case. This would be the attitude if the arrest had occurred pending the injunction proceeding, but, the arrest having occurred subsequent to the dismissal of the injunction suit, the question relied upon by the relator does not arise. So we deem it unnecessary to discuss the question as to the insufficiency of the testimony to show that the injunction suit had been dismissed, because the court had no jurisdiction to entertain said injunction proceeding, as shown in this record. We are of opinion that the designation of Oakwood as the place of holding the election was sufficient. The judgment is affirmed.

*Affirmed.*