### R. J. Norton et al. v. D. M. Alexander et al.

Decided March 22, 1902.

1.—Local Option Election—Irregularities Not Rendering Void.

A local option election is not rendered void by the failure of the county judge or commissioners court to issue writs of election specifying the question to be voted on and naming the day of the election, and to post notices at each box twenty days prior thereto.

2.—Same—Statutory Contest—Notice—Injunction.

A citizen and liquor dealer can not, by an equitable action for injunction, contest a local option election upon the ground that illegal votes were cast sufficient in number to have changed the result where he has not given the notice to the contestee required by the statute, and within the time prescribed.

3.—Same—Want of Notice Not Waived by Answer.

Want of notice by the contestees of the grounds of the contest was not waived by the filing of an answer wherein they urged objection to the jurisdiction of the court on the ground of failure to give them the requisite notice.

4.—Same—Injunction—Liquor Dealer.

Where a liquor dealer obtains a temporary injunction restraining a local option law from being put in force on the ground that his property rights under his license will be destroyed or impaired, and at the time the case went to trial his license had expired, the injunction was properly dissolved and the suit dismissed.

Appeal from Parker. Tried below before Hon. J. W. Patterson.

*Martin & Martin, A. H. Culwell,* and *H. W. Kuteman,* for appellants.

*McCall & McCall* and *F. O. McKinsey,* for appellees.

STEPHENS, ASSOCIATE JUSTICE.—June 15, 1901, an election was held in Parker County to determine whether or not the sale of intoxicating liquors should be prohibited in said county. June 26, 1901, the Commissioners Court entered an order on its minutes declaring the result of the election to be for prohibition by a majority of eighteen votes, and proceeded to have it published by the Herald Publishing Company in a newspaper published in that county. July 8, 1901, just before the last publication was made, this proceeding was instituted against the county judge by R. J. Norton and J. S. Young, resident citizens and retail liquor dealers of said county, to restrain the further and final publication of the order. The preliminary injunction was at once granted, and remained in force till October 17, 1901, when the court on final hearing sustained exceptions to the petition, dissolved the injunction, and dismissed the suit. From that judgment this appeal was prosecuted, and is submitted upon two assignments of error.

The first is as follows: "The court erred in sustaining defendants' fifth special exception to plaintiffs' original petition, to the effect that said petition fails to show and allege that plaintiffs had given the statutory notice, and delivered a statement in writing of the grounds of plaintiffs' contest to the contestees, as provided by law, thereby holding that the court had not obtained and did not have jurisdiction of this suit, and dismissing same for said reason."

In proceedings to contest elections, as provided in title 36, chapter 7, of Revised Statutes, we understand the rule of construction to be, that unless within thirty days after return day of election the contestee receives from the contestant notice in writing or a written statement of the ground on which the latter relies to sustain the contest, the court is not authorized to hear it. See cases cited in Roach v. Malotte, 56 S. W. Rep., 701, and in Calverley v. Shank, post, p. 473. As no such notice was given in this case, the first proposition under this assignment, that none was required, must be overruled, unless, as further and mainly contended by appellants, the proceeding was maintainable as a suit in equity, independent of the statute regulating election contests. The petition showed that each petitioner had obtained license by payment of occupation and internal revenue tax to pursue the occupation in which he was engaged from October 5, 1900, to October 5, 1901, and alleged in general terms that by the promulgation of the result of the election, as ordered, the rights thus acquired would be interfered with; that the rental value of the houses leased to be occupied by them respectively as places of business during that time would be a total or partial loss; that the business of each would itself be destroyed, with the stock in trade, furniture, and fixtures left on hand greatly depreciated in value, and that they would be "subjected to criminal prosecution and harassment." The petition charged that neither the county judge nor Commissioners Court had issued writs of election specifying the question to be voted on or naming the day of election, and alleged a failure to post notice of the election at each voting box twenty days prior thereto.

Upon these grounds the election was alleged to be void; but we held otherwise in Voss v. Terrell, 34 Southwestern Reporter, 170, and a like ruling has more than once been made by our Court of Appeals. Shields v. State, 42 S. W. Rep., 398; Hayes v. State, 39 S. W. Rep., 106.

The further allegations of the petition had reference to illegal votes, which were sufficient in number, as alleged, to have changed the result, and involved issues clearly within the scope of election contests under the statute. We then have the case of a resident citizen and retail liquor dealer trying to contest a local option election without first giving the contestee the required notice in writing of the grounds of contest. That there is no authority for one having only the interest of a citizen to thus proceed can not be seriously questioned. But it is insisted that the filing of an answer by the appellees, August 17, 1901, though after the thirty days had elapsed, amounted to a waiver of notice and gave the court jurisdiction; in support of which the case of Folk v. Spencer (Mo.), 63 Southwestern Reporter, 1118, is cited. A sufficient answer to this contention is found in the opinion of the same court, by the same judge, in a companion case decided since appellants' brief was filed, that of Hancock v. Spencer, 65 Southwestern Reporter, 984, in which it was held that the answer did not constitute a waiver where objection was made therein to jurisdiction for want of the required notice. The case at bar differs from the Missouri case, so much relied on, in that it does not involve a contest for an office, and in that, like the other Missouri case just cited, the answer (both by plea and exception) specially urged the want of jurisdiction.

The question yet remains, were the appellants as liquor dealers entitled to contest the election by injunction proceedings in equity? We answer that if such right ever existed, which we doubt but need not in this case determine, it did not exist when the case went to trial and the injunction was dissolved, which was after the time covered by the license had expired. Harding v. Commissioners of McLennan County, 65 S. W. Rep., 56; 66 S. W. Rep., 44; State v. Loomis, 29 S. W. Rep., 415, and cases there cited. See also Ex parte Hayes, 44 S. W. Rep., 831, and State v. Wood (Mo.), 56 S. W. Rep., 474. On the face of the petition there was no longer any issue in the case which appellants had a right to have tried, and there was therefore nothing for the court to do but to dismiss the suit.

The question raised by the second and only remaining assignment is covered by the conclusions already announced. The judgment is affirmed.

*Affirmed.*

Writ of error refused.

Hunter, Associate Justice, did not sit in this case.