ROBERTSON et al. v. HAYNES et al.
(No. 8450.)

(Court of Civil Appeals of Texas. Ft. Worth. Oct. 28, 1916. Rehearing Denied Dec. 16, 1916.)

1. PLEADING ⟨Key⟩214(1) — DEMURRER—ADMISSION.

Allegations of the petition must be taken as true as against general demurrer.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 525, 529; Dec. Dig. ⟨Key⟩214(1).]

2. ELECTIONS ⟨Key⟩271—CONTEST—GROUNDS.

Property owners of a common school district could have successfully contested the election determining whether a special tax should be levied and collected upon property in the district by proving that two qualified voters cast their votes against the tax, but the votes were wrongfully and illegally thrown out and not counted by the judges, and that a qualified voter was denied the privilege of casting his ballot, though he offered to make the statutory oath as to his legal qualifications; the result of the election having been in favor of levying the tax by a vote of 24 to 22.

[Ed. Note.—For other cases, see Elections, Cent. Dig. § 248; Dec. Dig. ⟨Key⟩271.]

3. ELECTIONS ⟨Key⟩269—STATUTORY REMEDY FOR IRREGULARITIES—EXCLUSIVE CHARACTER.

The remedy given by the statutes of the state relative to election contests for irregularities in elections, such as the illegal throwing out of votes or denying to qualified voters the right to vote, is exclusive of all others, so that the validity of an election as to whether a special school tax should be levied and collected upon property in a common school district could not be attacked by suit to enjoin its levy and collection.

[Ed. Note.—For other cases, see Elections, Cent. Dig. §§ 245, 246; Dec. Dig. ⟨Key⟩269.]

Appeal from District Court, Johnson County; O. L. Lockett, Judge.

Suit by S. H. Robertson and another against J. B. Haynes and others. From a judgment sustaining a general demurrer to the petition and dismissing the cause of action, plaintiffs appeal. Judgment affirmed.

W. H. Spinks, of Alvarado, for appellants. W. E. Myers, of Cleburne, for appellees.

DUNKLIN, J. Pursuant to an order of the commissioners' court of Johnson county, an election was held in common school district No. 27 of that county, for the purpose of determining whether or not a special tax of 15 cents on the $100 should be levied and collected upon property in that district. The returns made to the court by the judges of that election showed that 24 votes were cast in favor of the levy of such a tax and 22 votes cast against it. After canvassing said returns, the commissioners' court, by an order duly made, declared the election in favor of said tax carried, levied the special tax against the property situated in that district, and directed the assessment and collection of the same. This suit was instituted by S. H. Robertson and S. J. Howeth against the county commissioners, the county judge, the trustees of the school district, the county superintendent of public schools, and the county assessor and county tax collector, to enjoin the levy and assessment of said special tax, and, from a judgment sustaining a general demurrer to the petition and dismissing the cause of action, the plaintiffs have appealed.

[1] The allegations contained in the petition must, as against the general demurrer, be taken as true as a matter of course. The facts recited above were alleged in the petition, and in addition thereto it was alleged that D. C. Jackson and George James, who resided in said school district, were qualified voters in said election, and who owned property situated in said district subject to such special tax, cast their votes at said election against the school tax, but the votes were wrongfully and illegally thrown out, and not counted by the judges of said election; that, had said votes been counted, the returns made upon said election would have shown 24 votes against the school tax and 24 votes for the school tax, and, in the event of such a tie, the special school tax could not and would not have been levied. According to further allegations in the petition, the votes cast by said Jackson and James were not challenged by the judges, or any one else, and, had they been challenged, those voters would have made the necessary statutory oath to entitle them to vote, and they did not know that their votes would not be counted by the judges until after the returns of the election had been made.

According to further allegations in the petition, R. D. McFadden, who was also a qualified voter under the laws of the state, residing in said school district and owning property situated therein subject to such tax, attempted to cast his ballot in said election, but was denied the privilege of so doing by the judges of said election, notwithstanding the fact that he offered to make the statutory oath to said judges of his legal qualifications to vote, which offer was declined by the judges, and had he been permitted to vote he would have cast his ballot against said school tax. Had his vote been received and had the votes of Jackson and James been counted, the returns of the election would then have shown 24 votes cast for the school

tax and 25 against it, thus ·defeating the special tax levied.

Appellants invoke subdivision 1 of article 4643, Vernon's Sayles' Texas Civil Statutes, which provides that the judges of the district and county courts may hear and determine all applications for writs of injunction, and grant such writs "where it shall appear that the party applying for such writ is entitled to the relief ·demanded, and such relief or any part thereof requires the restraint of some act prejudicial to the applicant." And such decisions of our courts as Sumner v. Crawford, 91 Tex. 129, 41 S. W. 994, and Holbein v. De La Garza, 59 Tex. Civ. App. 125, 126 S. W. 42, are cited to support the contention that the court had jurisdiction to hear and determine the cause of action alleged in their petition, independent of the further questions whether or not plaintiffs had an adequate remedy at law, and whether or not such relief could be given by a court of equity under the rules of equity jurisprudence.

[2, 3] It cannot be doubted that plaintiffs could have successfully contested the election by proving the facts alleged in their petition referred to already, and it is well settled by the decisions of this state that the remedy so given by the statutes for such irregularities in elections is exclusive of all others. See Davis v. Parks, 157 S. W. 449; El Paso v. Ruckman, 92 Tex. 86, 46 S. W. 25; Parker v. Drainage District, 148 S. W. 351; Wharton County Drainage District v. Higbee, 149 S. W. 381; Boesch v. Byrom, 37 Tex. Civ. App. 35, 83 S. W. 18; Coffman v. Goree Independent School District, 141 S. W. 132; Troutmen v. McClesky, 7 Tex. Civ. App. 561, 27 S. W. 173; Wilbern v. Cone, 148 S. W. 818; Crabb v. Celeste Independent School District, 132 S. W. 890; City of Carthage v. Burton, 51 Tex. Civ. App. 195, 111 S. W. 440.

The only opinion which we have found which might possibly be construed as contrary to that line of decisions is Cochran v. Kennon, 161 S. W. 67, by the Court of Civil Appeals for the First District; but, as shown by the opinion itself, a distinction, is drawn between that case and the cases cited above, by reason of the fact that in that case the sole attack upon the tax levy was based upon the fact that the statutory notices necessary to an election for the purpose of determining whether or not a special school tax should be levied were not given, and the conclusion of the Court of Civil Appeals was that such an attack would not be available in a contest of the election, and that injunctive relief to restrain the levy of the tax was the only remedy open to the taxpayer.

Upon the face of the returns the levy of the tax was proper. The facts alleged in the petition as a basis for the attack made upon the election consisted of irregularities which could be invoked only by a contest of the election. To hold otherwise would be to say that every taxpayer in the district could prosecute a suit of the same kind and on the same grounds with probably varying results, thus leading to a multiplicity of suits, and interminable confusion and uncertainty, which the statutes giving the right to such persons to contest the election evidently were intended to avoid.

Hence we are of the opinion that the court did not err in sustaining the general demurrer to plaintiff's petition, and that the judgment should be affirmed.