### WILMARTH et al. v. REAGAN et al. (No. 2411.)

(Court of Civil Appeals of Texas. Texarkana. May 18, 1921. Rehearing Denied May 26, 1921.)

1. **Levees** ⊚═6 — **Levee improvement district lawfully created in so far as commissioners' court concerned.**

Where sufficient notice of hearing of the commissioners' court of a county at which a levee improvement district was created was given in compliance with the requirement of Laws 1918 (4th Called Sess.) c. 44, the district was lawfully created in so far as concerns the power of the commissioners' court to create it.

2. **Levees** ⊚═7—**Court of Civil Appeals must treat as concluded questions of boundaries of district, etc.**

In view of Laws 1918 (4th Called Sess.) c. 44, § 6, the Court of Civil Appeals must treat as concluded by order of the commissioners' court of a county creating and organizing a levee improvement district questions of the correctness of the description of the boundaries of the district, and of the inclusion of land which should not have been included.

3. **Levees** ⊚═5—**Quo warranto** ⊚═8—**Existence of district could be questioned only by state.**

Under Laws 1918 (4th Called Sess.) c. 44, § 7, a levee improvement district was a governmental agency, and a body politic and corporate, and its existence and right to act as such could be questioned only in quo warranto proceedings prosecuted by or on behalf of the state.

4. **Levees** ⊚═11—**Plaintiffs held not entitled to maintain suit in so far as it was to annul report of commissioners of appraisement.**

Despite Const. art. 5, § 8, under Laws 1918 (4th Called Sess.) c. 44, §§ 21–23, plaintiffs, attacking an order of the commissioners' court of a county creating a levee improvement district, *held* not entitled on the allegations of their petition to maintain their suit, in so far as it was to annul the report of the commissioners of appraisement assessing damages and benefits.

5. **Levees** ⊚═34—**Bond election not invalid because held by manager alone.**

In view of Vernon's Sayles' Ann. Civ. St. 1914, arts. 3063, 3077, the mere fact that a levee improvement district's election on the question of issuing bonds was held by the manager alone is no reason for holding it invalid.

6. **Appeal and error** ⊚═1042(1) — **Error in striking petition harmless where it does not appear it was amendable.**

If it was error to strike out the petition instead of treating it as bad on demurrer, such error should be regarded as harmless where it does not appear from anything in the record that plaintiffs offered to amend, or that they could have amended the petition to state a cause of action.

Appeal from District Court, Kaufman County; Joel R. Bond, Judge.

Suit by I. L. Wilmarth and others against J. C. Reagan and others. From judgment for defendants, plaintiffs appeal. Affirmed.

This was a suit by appellants I. L. Wilmarth, Frank R. Lewis, W. A. Tucker, A. L. Trail, and T. J. Gilkey against the Kaufman county levee improvement district No. 9, and against J. C. Reagan, J. J. Roddy, and John Garner as the supervisors, and J. J. Davis, C. C. Ritter, and B. B. Hatley as the commissioners of appraisement of said district. Exceptions having been sustained to the plaintiffs' second amended petition, they asked and obtained leave to file a third amended petition. On motion of appellees, the

latter petition, when filed, was stricken out, and judgment was rendered that appellants take nothing by their suit.

The second amended petition is too long to set out here. It appeared from the allegations therein that the purposes of the suit were as follows:

I. To annul the order of the commissioners' court of Kaufman county purporting to have been made in conformity to authority conferred by the Act April 2, 1918 (General Laws, Fourth Called Session, pp. 97 to 117), creating said Kaufman county levee improvement district No. 9; or, in the alternative, to rearrange the boundaries thereof so as to exclude therefrom lands belonging to appellants which, they alleged, had been wrongfully included therein. The grounds relied on for this relief were alleged to be: (1) That "sufficient notice" of the hearing resulting in the passing of said order was not given property owners interested. (2) That the boundaries of the district were not sufficiently described and fixed, in that the field notes thereof were incorrect. (3) That lands belonging to plaintiffs which should not have been were included in the district.

II. To annul the report made by the commissioners of appraisement of the district assessing damages and benefits to lands therein, and to annul an order alleged to have been made by the supervisors of said district approving said report; or, on the alternative, to compel said commissioners of appraisement to reassess said damages and benefits. The ground relied on for this relief was alleged to be that the assessments were discriminatory against appellants in favor of J. C. Reagan, one of the supervisors, and others.

III. To "prohibit" the sale of bonds voted to pay for the proposed improvements in said district, and to "prohibit" the levy of a tax on property in said district to pay such bonds. The ground relied on for this relief was alleged to be that, whereas a manager and two clerks were appointed to hold the bond election, it was held by the manager alone.

John H. Sharp, of Ennis, E. E. Hurt, of Dallas, and Adair Dyer, of Ennis, for appellants.

James A. Cooley, of Kaufman, for appellees.

WILLSON, C. J. (after stating the facts as above). [1] While appellants charged in their second amended petition that "sufficient notice" was not given of the hearing at which the improvement district in question was created, it appeared from the records made a part of said petition by reference thereto, and before the court as exhibits to other pleadings in the case, that the requirement of the Act April 2, 1918 (General Laws, Fourth Called Session, pp. 97 to 117), with reference to notice of such hearing was complied with.

Therefore there was no merit in appellants' contention that the district was not lawfully created, so far as it was based on allegations in said petition questioning the power of the commissioners' court of Kaufman county to create it. The power existed by force of the statute, was invoked by the filing of the petition for the creation of the district, and was exercised after due notice had been given persons concerned.

[2] It may be that the power the court possessed was not properly exercised, in that, as charged in said petition, the boundaries of the district were not correctly described, and in that land belonging to appellants was included which should not have been included in the district. But those were questions the trial court should (as it did) have treated, and which this court must treat as concluded by the order of the commissioners' court creating and organizing the district, in the absence, as was the case, of allegations showing that the action of said commissioners' court was the result of fraud practiced; for, by the express terms of the act (section 6), the commissioners' court had "exclusive jurisdiction [quoting] to determine all issues in respect to the creation, or not, of such district, and of all subsequent proceedings in respect to said district if the same should be created." It has been held that the "exclusive jurisdiction" conferred in such cases forbids a review by another tribunal of questions as to the sufficiency of a description in a petition for the creation of such a district, and as to whether a district as created conforms to such description or not. Parker v. Drainage District, 148 S. W. 351; and see 19 C. J. 641, 664, 680, 681.

[3] If, however, it should be said that the effect of the provision referred to in section 6 of the statute was not to forbid such review by other courts, the review could not be had at the instance of appellants, but must have been at the instance of the state, or on its behalf. By the terms of the act referred to (section 7) the district, colorably, at least, was "a governmental agency and a body politic and corporate," and its existence and and right to act as such could be questioned only in quo warranto proceedings prosecuted by or on behalf of the state. Parker v. Drainage District, 148 S. W. 351; Cochran v. Kennon, 161 S. W. 67; Holt v. State, 176 S. W. 743; Minear v. McVea, 185 S. W. 1048; Crabb v. School District, 146 S. W. 528.

[4] Nor do we think the trial court erred when he concluded that it did not appear from the allegations in said petition that appellants were entitled to maintain their suit so far as it was to annul the report of the commissioners of appraisement assessing damages and benefits to lands in the district, and in so far as it was to annul a decree alleged to have been made by the supervisors (but which, in

fact, was made by the commissioners of appraisement, as appeared from other parts of the record) approving said report. By the terms of the act (sections 21–23) it was the duty of the commissioners of appraisement, after viewing the lands in the district, to assess the "amounts of benefits and damages" to accrue to such lands as a result of the improvements determined upon; to make a report of their findings in those respects; and, at a time and place fixed, after notice to persons concerned, hear and determine objections to the report. It was also the duty of said commissioners of appraisement, after modifying their report so as to make it conform to changes determined upon at such hearing, to make a decree confirming the report as modified. The findings, as so confirmed, it was declared in the act, "shall [quoting] be final and conclusive." If the court below, in the fact of that declaration, had power in any event to annul the report and order of the commissioners of appraisement, it must have been by force of section 8 of article 5 of the Constitution, which confers on district courts "general original jurisdiction over all causes of action whatever for which a remedy or jurisdiction is not provided by law or this Constitution." We do not think a right in the trial court to grant relief in the respects specified can be predicated on the language quoted; for jurisdiction in such cases was provided by law when power to assess benefits and damages to lands in such a district was conferred upon commissioners of appraisement provided for in the act, and a remedy for assessments wrongfully made was provided when owners of lands in the district were given a right to be heard on objections made by them to the assessments.

[5] It is plain, we think, that the suit was not maintainable so far as it was to "prohibit" the sale of bonds voted, and to "prohibit" the levy of a tax to provide a fund to pay the bonds, on the ground that the election at which the bonds were voted was held by the manager appointed to hold it in the absence of clerks appointed to assist in holding it. Conceding that the validity of the election could be questioned otherwise then in a proceeding to contest it (Robertson v. Haynes, 190 S. W. 735; and see Smith v. Reaves, 208 S. W. 545), it is clear the mere fact that it was held by the manager alone would not be a reason for holding it to be invalid (Vernon's Statutes, arts. 3077, 3063; Savage v. Umphries, 118 S. W. 893; 20 C. J. 179).

[6] As, for the reasons stated, we think a case entitling appellants to relief was not made by the allegations in the second amended petition, we hold the trial court did not err when he sustained the exceptions interposed by appellees to same. The case made by the allegations in the third amended petition was not materially different from that made by said second amended petition, and therefore that petition was also subject to the objection that it did not state a cause of action entitling appellants to relief. If it was error to strike it out, instead of treating it as bad on demurrer, the error should be regarded as a harmless one; for, as before stated, the case made by said third amended petition was not different from that made by the second amended petition, and it does not appear from anything in the record that appellants offered to so amend, or that they could have so amended the petition as to state a cause of action.

The judgment is affirmed.

⬅⬆For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes