### DIXON v. HASSELL et al. (No. 2093.)

(Court of Civil Appeals of Texas. Amarillo. Dec. 20, 1922. Rehearing Denied Jan. 24, 1923.)

Schools and school districts ⬦103(2)— Judge's decision as to sufficiency of petition for election to authorize tax levy held conclusive in injunction suit.

The county judge's decision as to the sufficiency of the petition for an election pursuant to Rev. St. art. 2828, providing that the election provided for by article 2827 to authorize issuance of district bonds and levy of a tax to pay them shall be ordered by the county judge on petition of the majority of the property taxpaying voters of the district, is conclusive in a suit to enjoin issuance and sale of bonds and levy of a tax so authorized.

Appeal from District Court, Yoakum County; W. R. Spencer, Judge.

Suit by S. J. Dixon against Joe B. Hassell and others, Trustees of Common School District No. 8 of Yoakum County, and the Commissioners' Court of said county, to enjoin the issuance and sale of bonds and the levy of a tax to pay them. Judgment for defendants, and plaintiff appeals. Affirmed.

Percy Spencer, of Lubbock, for appellant. G. E. Lockhart, of Tahoka, for appellees.

BOYCE, J. Appellant, Dixon, brought this suit against the trustees of common school district No. 8 of Yoakum county and the commissioners' court of said county, to enjoin the issuance and sale of certain bonds of said school district, and the levy of a tax on the property in the district to pay the bonds. A temporary injunction was granted, which on final hearing was dissolved and judgment rendered that the plaintiff take nothing by his suit.

It is claimed that the election, which authorized the issuance of the bonds and levy of the tax, was void, because it was "pleaded by the appellant and established upon the trial that there were fourteen legally qualified voters in the school district affected and that only seven of them signed the petition for the election." Revised Statutes, arts. 2827 and 2828, are cited as authority to sustain this proposition. It is provided by article 2828 that an election of this kind shall be ordered by the county judge upon petition of the majority of the property taxpaying voters of the district. If it should be conceded that the validity of the election for the cause stated can be tested in an injunction suit (see Robertson v. Haynes [Tex. Civ. App.] 190 S. W. 735), it is settled by the decisions of this state that the decision of the county judge as to the sufficiency of the petition is conclusive in a suit of this character. (Wilbern v. Cone [Tex. Civ. App.] 148 S. W. 818.) A writ of error was denied in that case, and we think it decisive of the present case.

The judgment will be affirmed.