## CARAWAY v. ROMBERG et al. (No. 6914.)

(Court of Civil Appeals of Texas. San Antonio. Jan. 31, 1923.)

**1. Judgment ⬅572(2)—Sustaining general demurrer in former action held not res adjudicata as to right to temporary restraining order in subsequent action.**

Sustaining a general demurrer in a former action between the same parties is not res adjudicata of the question of granting a temporary restraining order in a subsequent case; the former being only an adjudication that no cause of action was alleged.

**2. Elections ⬅269—Action to contest election held adequate, and exclusive of remedy by injunction against tax voted.**

A taxpayer's remedy in an action to contest an election is adequate and exclusive of an equitable remedy, as by injunction against collection of a tax voted thereat.

Appeal from District Court, Gonzales County; Lester Holt, Judge.

Proceeding by Wiley Caraway against J. C. Romberg and others, composing the Commissioners' Court of Gonzales County, and J. D. McVea, Tax Collector. From a denial of a temporary writ of injunction, plaintiff appeals. Affirmed.

FLY, C. J. This is an appeal from a denial of a temporary writ of injunction sought by appellant against J. C. Romberg, county judge, and J. C. Neighbors, Walter Mang, J. P. Towns and C. M. Wells, composing the commissioners' court of Gonzales county, and J. D. McVea, tax collector of said county, to restrain them from collecting certain taxes for school purposes amounting to $38.35. The judge in chambers refused the temporary writ for the following reasons:

"It appears from the records of the district court of Gonzales county, Tex., that plaintiff, in a suit filed in said court against the defendants named in the within petition, said cause being No. 7309, Wiley Caraway v. J. C. Romberg et al., sought, in effect, the same relief prayed for in the within petition; that said cause No. 7309 came up for hearing in said court on the 3d of January, 1923, it being at a regular term of said court, and a general demurrer having been sustained to plaintiff's petition, and he declining to amend, but admitting said action of the court to be correct, judgment of court was rendered in favor of all defendants, whereby plaintiff is estopped from further litigating said matters so determined.

"It further appearing that the allegations of said within petition bring this action clearly within the decision of Robertson et al. v. Haynes et al., 190 S. W. 735, which is to the effect that the remedy provided for by statute for declaring invalid or setting aside elections is exclusive and, therefore, injunction does not lie for that purpose.

"The allegations of said petition are not deemed sufficient, in that, among other things, the result of said election would not be changed even if the facts as to the voter, Rip Robertson, were true, as alleged, the allegations being that he had not resided within said school district for six months prior to said election; the statute requiring only that he be a qualified voter in the state and county and a resident property taxpayer in said district."

[1] Sustaining the general demurrer in a former action was not res adjudicata of the question of granting a temporary restraining order in this case. All that was adjudicated in the former case was that appellant had not alleged a cause of action. All that is shown by the finding was the appellant sought the same relief. The other grounds given by the judge for denying the order we deem well taken.

[2] The grounds for the injunction were that his property would be sold for the tax; that the order of the commissioners' court, authorizing the assessment and collection of the tax, was invalid, because a voter voted for the tax who had not lived in the school district for six months before he cast his ballot, and because another voter, who desired to cast his ballot against the tax, was intimidated and not permitted to do so, and, there being 32 for to 30 against the tax, these two votes would have altered the result so as to cause a tie and defeat the tax; and that no certificate by the county superintendent, fixing the limit for the tax rate, had been given, nor had it been determined by the board of school trustees and county superintendent of public instruction. Those allegations did not show any sufficient cause for an injunction. Appellant had an adequate remedy in an action to contest the election, which would be exclusive of an equitable remedy. Robertson v. Haynes (Tex. Civ. App.) 190 S. W. 735, and numerous decisions cited therein; Wilmarth v. Reagan (Tex. Civ. App.) 231 S. W. 445, Id. (Tex. Com. App.) 242 S. W. 726.

The form of the ballots is attacked in the petition, but this court does not desire and will not enter into a discussion of the dif-

ferent shades of meaning to be attached to the word "modify" or "modification" as used by the commissioners' court. This would be a rather unfruitful undertaking in connection with the language indulged in by a commissioners' court, and it is a matter not capable of being raised in an application for injunction.

The judgment is affirmed.