**THURSTON et al. v. THOMAS, County Attorney. (No. 1685.)**

Court of Civil Appeals of Texas. Beaumont. May 10, 1928.

1. **Animals** ⬥⟹50(2)—Stock law election contest held properly dismissed for want of jurisdiction, in absence of allegation or showing of notice to county attorney (Rev. St. 1925, arts. 3042, 3069, 3070).

Under Rev. St. 1925, art. 3069, requiring that elections for other purposes than election of certain officers be contested in manner prescribed for contesting election of county officers, and article 3042, requiring notice of contest of election to office within 30 days, court properly dismissed suit contesting stock law election for want of jurisdiction, where it was not alleged, shown, nor contended that such notice was given to defendant county attorney, as provided by article 3070.

2. **Elections** ⬥⟹269—Election contest cannot be tried by proceedings in civil suit.

A contested election is not a civil suit, and hence cannot be tried by the proceedings had in such cases.

3. **Animals** ⬥⟹50(2)—Statutory mode of contesting stock law election is exclusive (Rev. St. 1925, arts. 3042, 3069, 3070).

A specific mode of contesting a stock law election having been prescribed by Rev. St. 1925, arts. 3042, 3069, 3070, that particular mode alone can be resorted to.

4. **Animals** ⬥⟹50(2)—Suit against county attorney to invalidate stock law election held election contest, not within court's jurisdiction, in absence of notice (Rev. St. 1925, arts. 3042, 3069, 3070).

Action against county attorney, as authorized by Rev. St. 1925, art. 3070, regulating contests of elections for other purposes than election of certain officers, to invalidate stock law election on grounds that petition was not signed by requisite number of resident freeholders, that order for election did not state where it was to be held, etc., was in effect a contest of election, not a direct attack on validity of law, and hence not within court's jurisdiction, in absence of showing of notice required by articles 3042, 3069, 3070.

5. **Animals** ⬥⟹50(2)—Defects and irregularities in steps to put stock law in effect must be promptly presented in statutory manner, not by suit to set aside law (Rev. St. 1925, arts. 3042, 3069, 3070).

It is the intention of the law that defects and irregularities in the initiatory steps necessary to put a stock law into effect shall be promptly presented in the manner prescribed by Rev. St. 1925, arts. 3042, 3069, 3070, not by suit to set aside the law so adopted.

Appeal from District Court, Nacogdoches County; C. A. Hodges, Judge.

Suit by Walter Thurston and others against Albert Thomas, County Attorney. From a judgment sustaining an exception and plea to the court's jurisdiction and dismissing the suit, plaintiffs appeal. Affirmed.

Adams & McAlister, of Nacogdoches, for appellants.

Albert Thomas, of Nacogdoches, for appellee.

O'QUINN, J. This is an appeal from a judgment in a stock law election contest. The election was held in a certain described subdivision of Nacogdoches county, Tex., to determine whether or not horses, mules, jacks, jennets, and cattle should be permitted to run at large in said subdivision. The election resulted in the adoption of the stock law by a vote of 87 for the law and 46 against it. The election was held on July 24, 1926, and the result duly canvassed and declared on August 20, 1926, putting the law into effect on September 20, 1926. Appellants filed their peti-

tion herein contesting said election on August 20, 1927. Appellee filed his sworn exception challenging the court's jurisdiction to hear and determine the matter, for in that at no time had contestants served contestee with notice in writing of their intention to contest said election and the grounds upon which the contest was based, and that appellants' petition did not allege that they had at any time served contestee with notice in writing of their intention to contest said election and the grounds upon which said contest was based, as required by law. The court sustained the exception and plea to the jurisdiction, and dismissed the suit. This appeal is from that judgment.

Article 3069 (3077), Revised Civil Statutes 1925, provides that:

"If the contest be for the validity of an election held for any other purpose than the election of an officer or officers in any county, or part of a county or precinct of a county, or in any incorporated city, town or village, any resident of such county, precinct, city, town or village, or any number of such residents, may contest such election in the district court of such county in the same manner and under the same rules, as far as applicable, as are prescribed in this chapter for contesting the validity of an election for a county office."

Article 3070 (3078) provides:

"In any case provided for in the preceding article, the county attorney of the county, or if there is no county attorney, the district attorney of the district, or the mayor of the city, town or village, or the officer who declared the official result of said election, or one of them, as the case may be, shall be made the contestee, and shall be served with notice and statement, and shall file his reply thereto as in the case of a contest for office; but in no case shall the costs of such contest be adjudged against such contestee, or against the county, city, town or village which they may represent, nor shall such contestee be required to give any bond upon an appeal."

[1-3] It is seen that, in order to contest an election held for any other purpose than the election of an officer or officers of a county or precinct, etc., such contest must be in the same manner and under the same rules as are prescribed for the contesting the validity of an election for a county office. Article 3042 (3051), Revised Statutes, requires that any one intending to contest the election of another for any office shall within 30 days after the return day of the election give the contestee notice thereof in writing, and deliver to him, his agent or attorney, a written statement of the grounds upon which such contestant relies to sustain such contest. This law is mandatory and jurisdictional. In the absence of such notice and statement, the court is without jurisdiction to hear and determine the matter. Cauthron v. Murphy, 61 Tex. Civ. App. 462, 130 S. W. 671; Garitty v. Halbert (Tex. Civ. App.) 235 S. W. 235; Bar-

ker v. Wilson (Tex. Civ. App.) 205 S. W. 546; Shipman v. Jones (Tex. Civ. App.) 199 S. W. 331; Norton v. Alexander, 28 Tex. Civ. App. 466, 67 S. W. 787. Appellants' petition did not allege that the contestants had given the statutory notice, nor in any wise was it made to appear that such notice was in fact given, nor is there any contention that said notice had been given. Hence the court did not err in holding that it had no jurisdiction of the matter and in dismissing the case. A contested election is not a civil suit, and, therefore, cannot be tried by the proceedings had in such cases. Odell v. Wharton, 87 Tex. 173, 27 S. W. 123. A specific mode of contesting an election, such as is here in question, having been prescribed by statute, that particular mode alone can be resorted to. It is exclusive of every other mode. Moore v. Commissioners' Court of Titus County (Tex. Civ. App.) 192 S. W. 805.

[4] But appellants say that this is not a contest of the election in question, but that it is a direct attack on the validity of the law as put in force by said election, and that, therefore, the court did have jurisdiction to determine the matter. We do not think so. The effect of the suit is the same as a contest —has the same purpose, and we think should be so considered. Appellants made the county attorney defendant, as authorized and required by article 3070 (3078), Revised Statutes, chapter 9, title 50, providing for regulating the contesting of elections. There is no law authorizing the bringing of a suit against the county attorney in relation to elections other than for contesting an election, and, as appellants invoked this statute for the purpose of bringing their suit, it should be held the action was in the nature of, and in effect, a contest of the validity of the election by which the voters adopted the stock law. The contest of an election is for the purpose of avoiding its result. Appellants here seek to invalidate the election and to avoid the adoption of the law by offering to show that the law was not legally adopted, because, they allege: (a) The petition for the election was not signed by the requisite number of resident freeholders of the designated subdivision of the county; (b) that the order for the election did not state where the election was to be held; (c) that said order did not name the person who was to preside at or hold said election; (d) that proper notice of the ordering of the holding of said election was not published; (e) that the order for the election did not specify what question was to be voted on; (f) that said order did not state what was to be printed on the tickets to be used by the voters; (g) that the subdivision of the county in which the election was to be held was not such a subdivision as the law allowed; and (h) that the law was not in force because of want of proper proclamation, as required by law. These are all grounds for

contest, and the statutes provide the manner in which testing them may be had.

[5] It is the intention of the law that defects and irregularities in the initiatory steps necessary to put the stock law into effect shall be promptly presented and in the manner prescribed by law, and not by such proceedings as is here attempted. Anderson County v. Houston & G. N. R. Co., 52 Tex. 228, 240, 243; Wright v. Fawcett, 42 Tex. 203; Norton v. Alexander, 28 Tex. Civ. App. 466, 67 S. W. 787. If as is here attempted, the same result may be attained by a suit brought for the purpose of setting aside the law put in force by the election, then there would be no necessity for contesting same, but long after the election suit could be brought and the regularity and validity of the election tested by any dissatisfied freeholder of the subdivision. The putting into effect of a stock law is a local option matter, and the policy of the law is that one desiring to avoid the law or to question the legality of its adoption by the voters shall act promptly, and prescribes the procedure by which it may be done. Suits seeking to avoid the law brought in the ordinary way of civil suits are now allowed, but attacks upon the validity of the law's adoption must be brought and conducted in the manner prescribed by the statute.

The judgment is affirmed.