**ADAMSON, Judge, et al. v. CONNALLY et al.**

No. 1821.

Court of Civil Appeals of Texas. Eastland.

Dec. 3, 1937.

Rehearing Denied Jan. 14, 1938.

Earl Conner, Jr., of Eastland, for appellants.

Milton Lawrence, of Eastland, for appellees.

FUNDERBURK, Justice.

This action may properly be regarded as having been brought by the filing of plaintiffs' first amended original petition, on June 5, 1937. The record suggests that prior to that time there was an injunction proceeding wherein was first granted, and later dissolved, a temporary injunction against the county commissioners' court, restraining the canvass of returns and declaration of the result of a prohibition election held in Eastland county on May 1, 1937. The parties to the action, as shown by said amended pleading, are G. Connally and nine other individuals, as plaintiffs, and W. S. Adamson, county judge, and the other members òf the commissioners' court of Eastland county, and also Earl Conner, Jr., district attorney of said county, as defendants; said district attorney being first made a party by said amended pleading. The purpose of the action, other than to procure a temporary restraint of official action by the defendants, is well reflected in the prayer that "plaintiffs herein have their judgment declaring said election, held on May 1, 1937, illegal and void and that said Eastland County, Texas remain in its present status until proper election is called," etc.

The allegations of plaintiffs' petition designed to show their interest in the subject-matter of the action are to the effect that after legalization, by a former election, of the sale of vinous and malt liquors that do not contain alcohol in excess of 14 per cent. by volume "that the plaintiffs with others filed their application with the County Judge of Eastland petitioning for the issuance of a permit or license permitting and authorizing them to sell in Eastland County, Texas, vinous and malt liquors that do not contain alcohol in excess of 14 per cent by volume; that said applications were by the County Judge granted and the plaintiffs herein have their license authorizing them to sell vinous and malt liquors that do not contain alcohol in excess of fourteen per cent by volume; that said license are in full force and effect * * *. Plaintiffs would further represent and show to the court that since the declaring of the results of said election had on May 1, 1937, and entering an order for the prohibition of all liquors in effect in Eastland after thirty days from said date, which order being void and based upon a void

election, if permitted to carry out the terms of said void order, would greatly jeopardize their business and mean a loss to them of several thousand dollars and plaintiffs have no remedy to prevent cancellation of their permits under said void order unless this honorable court suspends the operation of said void order pending final adjudication of the matters and things herein presented."

The defendants appeared by filing their original answer on June 11, 1937, wherein they designated themselves as "contestees."

Upon a nonjury trial the court, referring to the parties as "contestants" and "respondents," adjudged the election of May 1, 1937, to be null and void and "that the status of Eastland County remain as it was prior to said election of May 1, 1937." The defendants ("contestees" or "respondents") have appealed.

This action was evidently regarded by all parties as being a statutory election contest. Upon motion alleging it to be such, it was given an advance submission in this court. The statutory provisions authorizing and governing that kind of action at the time are R.S.1925, arts. 3069 and 3070. Said statutes also make applicable by reference and adoption articles 3042, 3044, and 3047, etc.

An election contest of the character authorized by said statutes is a political proceeding, of which the district court had no jurisdiction prior to the 1891 amendment of article 5, section 8, of the Constitution of Texas. Since said amendment by which was added to the jurisdiction of the district court the jurisdiction "of contested elections," with procedure prescribed in the above statutes, such actions are still none the less special and political in nature. Odell v. Wharton, 87 Tex. 173, 27 S.W. 123; Robinson & Watson v. Wingate, 36 Tex.Civ. App. 65, 80 S.W. 1067. See other authorities cited in De Shazo v. Webb, Tex.Civ. App., 109 S.W.2d 264, 267. The action being a special proceeding, it is necessary that the record affirmatively show the prescribed requisites by which the district court becomes vested with active jurisdiction thereof. One of these is a notice of contest, provided in said article 3042. Another is the service of such notice, provided for in said article 3044. These jurisdictional requisites are not shown by the record herein. The contestees in a statutory election contest have no authority to waive such notice and/ or service, and hence an appearance by answer does not imply such waiver nor author-

ize a presumption of the requisite notice and service. Moore v. Commissioners' Court of Titus County, Tex.Civ.App., 192 S.W. 805; Norton v. Alexander, 28 Tex.Civ. App. 466, 67 S.W. 787; Thurston v. Thomas, Tex.Civ.App., 7 S.W.2d 105; Cauthron v. Murphy, 61 Tex.Civ.App. 462, 130 S.W. 671; Moon v. Alred, Tex.Civ.App., 277 S. W. 787; Barker v. Wilson, Tex.Civ.App., 205 S.W. 543, 546; Kincannon v. Mills, Tex. Civ.App., 275 S.W. 1083; Shipman v. Jones, Tex.Civ.App., 199 S.W. 329, 331.

This court must, therefore, determine whether the action is only a statutory contest of an election, and if it be determined to be such, our further jurisdiction will be limited to a reversal of the judgment of the court below solely on account of the want of jurisdiction of the trial court, and a dismissal of the case for that reason.

Was the action, although apparently regarded by all parties as an election contest, maintainable by the so-called "contestants" as a civil *suit* invoking the jurisdiction of the court as to a matter within its regular judicial functions? Before the district court, by the 1891 amendment of the Constitution, art. 5, § 8, was given jurisdiction "of contested elections," it did have jurisdiction over actions of quo warranto, or informations in the nature of quo warranto, as included in its jurisdiction "of all suits, complaints or pleas * * * when the matter in controversy shall be valued at or amount to $500 exclusive of interest." An action of quo warranto, or information in the nature of quo warranto, is a *suit* to which the state is a party plaintiff. R.S.1925, art. 6253. Such an action must be brought by the Attorney General or the district or county attorney of the county or district. Const. art. 4, § 22; Id. art. 5, § 21. The Legislature would have no constitutional power to authorize such an action to be brought by any other person without one of the officers named. Staples v. State ex rel. King, 112 Tex. 61, 245 S.W. 639; Maud v. Terrell, 109 Tex. 97, 200 S.W. 375. The instant action was obviously not brought in the name of the State; neither was it brought by the district attorney (there being no county attorney in Eastland county); but, on the contrary, it was brought by the individuals named, and the district attorney, instead of being a party plaintiff, was made a party defendant. There can, therefore, be no plausible contention that the action is a quo warranto proceeding, or an information in the nature thereof.

It is unnecessary to consider whether plaintiffs could under any circumstances have a right of action other than a statutory election contest, or an action of quo warranto or information in the nature of quo warranto; for, if so, it is quite certain no such cause of action was attempted to be alleged. The election, the invalidity of which the suit seeks to have adjudicated, was a political proceeding. As said in Leslie v. Griffin, Tex.Com.App., 25 S.W. 2d 820, 821: "It is no longer an open question in this state that an election is essentially the exercise of political power, and, during its progress, is not subject to judicial control. This comprehends the whole election, including every step and proceeding necessary to its completion. The making and canvassing of the returns, by the appointed functionaries, constitute an integral part of the election, without which the election would be incomplete; and courts are powerless to control the proceeding." The proposition thus stated is applicable although the election be absolutely void. Winder v. King, Tex.Com.App., 1 S.W.2d 587; Ex parte Barrett, 120 Tex. 311, 37 S.W.2d 741. Regarding the filing of plaintiffs' first amended original petition as the institution of the suit, it was filed June 5, 1937, and by the allegations therein it appears that the result of the election was declared May 27, 1937. As to the order declaring the result of the election it was alleged: "That said order further provided that on and after the 27th day of June, 1937, the said court would put in operation said order." Thus by the allegations of plaintiffs' petition it was shown that the status of Eastland county as dry in regard to the sale of vinous and malt liquors with an alcoholic content not exceeding fourteen per cent by volume was, regardless of any question of the validity of the election, not to come into existence until June 27, 1937, twenty-two days after the suit was brought. After that time the county judge and county commissioners would have no authority or duty as to enforcing prohibition. Recognition of this fact may account for the district attorney being made a party by said amended pleading. No fact was alleged to show that if the election was void the district attorney would nevertheless attempt to enforce prohibition in said county. It will not be presumed that the district attorney would endeavor to enforce prohibition if the election was void, as alleged. Winder v. King, supra. In fact, the only relief sought against any of the defendants

was temporary, and to exist only until the validity of the election could be adjudicated. The ultimate relief sought was such adjudication. In our opinion no action, the sole purpose of which is to procure an adjudication of the invalidity of an election, can be maintained unless it be the statutory election contest or a quo warranto proceeding. It is an interesting question, not necessary here to be decided, whether the latter action could be available in the absence of a showing that the former was not available. See Robertson v. Haynes, Tex.Civ.App., 190 S. W. 735; Anderson County v. Houston & G. N. Ry. Co., 52 Tex. 228; Wright v. Fawcett, 42 Tex. 203; Dixon v. Hassell, Tex.Civ.App., 247 S.W. 291; Caraway v. Romberg, Tex.Civ.App., 247 S.W. 909; Treaccar v. City of Galveston, Tex.Civ. App., 28 S.W.2d 276, 278; Thurston v. Thomas, Tex.Civ.App., 7 S.W.2d 105; State v. Bank of Mineral Wells, Tex.Civ.App., 251 S.W. 1107; Stephens v. Dodds, Tex. Civ.App., 243 S.W. 710.

The conclusions already expressed will require a dismissal of the case. It may be a matter of questionable propriety for us to express any opinion as to the validity of the election. Upon what we regard as a remote contingency that our conclusions may be wrong, we are perhaps justified in saying that if they are, then in our opinion the appellees will not be prejudiced thereby, because we think it was not shown that the election was void. The grounds of invalidity relied upon were two, namely: (1) That the form of the prescribed official ballot was not that required by law for the character of election held; and (2) that the notices of election were not posted as required by law.

■■■■ The Texas Liquor Control Act, Acts 1935, 2d Called Sess., c. 467, being Vernon's Annotated Penal Statutes, arts. 666—1 to 667—22, is the applicable statute. Article 666—40, Vernon's Ann.P.C., Acts 1935, 2d Called Sess., c. 467, art. 1, § 40, prescribed the official ballots for all kinds of elections authorized by said act to be held. Under said act as applied to the undisputed facts, Eastland county was a dry area with respect to the sale of all liquors having an alcoholic content over 14 per cent. by volume. It was a wet area as to the sale of vinous and malt liquors having an alcoholic content not exceeding 14 per cent. by volume. Although the act manifested a general plan or purpose that in dry areas elections to *legalize* should be held and in wet areas

elections to *prohibit* should be held, yet it was provided that, "In areas where the issue or issues to be submitted pertain to the prohibition of the sale of liquor of any type or types one or more of the following issues may be submitted." Then followed three provisions designated (a), (b), and (c). Subdivision (a) could not have been applicable since it excepted vinous and malt liquors that do not contain alcohol in excess of 4 per cent. by weight, the purpose of the election being to determine whether or not the sale of all vinous and malt liquors having an alcoholic content not exceeding 14 per cent. by weight should be prohibited. Subdivision (b) could not have been applicable, since it excepts vinous and malt liquors that do not contain alcohol in excess of 14 per cent. by volume; or, in other words, an express exception of the very proposition to be voted upon. Subdivision (c) is: "For prohibiting the sale of all liquors," and, "Against prohibiting the sale of all liquors." These three prescribed forms, by express provision of the act, cover all *prohibition*, as distinguished from *legalization* elections. Of the three prescribed forms the latter only can be applicable. Although the ballot thus prescribed is more suitable for an election in an area entirely wet, yet the Legislature has unmistakably declared that it shall be employed in the very situation presented. So far as we can see the Legislature had the power to prescribe any character of ballot it should deem suitable. The fact that it prescribed the form of ballot not entirely logical or consistent with other purposes manifested in the act would not, we think, authorize a court to hold such an election void for that reason.

■■■■ We are further of the opinion that there was no evidence to show that the required notices were not caused to be posted by the county clerk. The law required copies of the order of the election to be posted as notices. Article 666—34. Plaintiffs having attacked the validity of the election had the burden of showing that it was void. The county clerk testified that he sent copies of the order to each of the election judges to be posted. If copies of the order were posted that was sufficient. Realty Trust Co. v. Lindsey, Tex.Com.App., 105 S.W.2d 210. There was no evidence that they were not posted.

It is our conclusion that the judgment of the court below should be reversed and the cause dismissed, which is accordingly so ordered.